### McNEIL & HIGGINS CO. v. CZARNIKOW-RIENDA CO.

(District Court, S. D. New York. June 2, 1921.)

1. **Sales ☞434—Complaint held not to allege nonconformity to description; "fine granulated."**

   In a complaint for breach of warranty for a sale of Eastern cane fine granulated sugar, of a specified brand, allegations that the sugar was off and irregular in color and crystallization not up to the quality of standard Eastern cane sugar or the usual quality of the specified brand does not allege a breach of the warranty implied under New York Sales of Goods Act, § 95, that the goods shall conform to the description, since "fine granulated," when applied to sugar, relates to the size of the granules, not to the quality.

2. **Sales ☞272—"Merchantable quality" means good enough to pass under description.**

   Under New York Sales of Goods Act, § 96, subd. 2, implying a warranty that goods are of a merchantable quality "merchantable quality" means a good enough delivery to pass generally under that description after full examination.

   [Ed. Note.—For other definitions, see Words and Phrases, Merchantable Quality.]

3. **Sales ☞272—Buyer cannot complain if goods were of average quality of specified brand.**

   A buyer of goods of a specified brand cannot complain that the goods were not merchantable if in fact they were up to the average of the goods of that brand.

4. **Sales ☞272—Dealer in specified brand impliedly warrants it is merchantable.**

   A seller of goods, who is a dealer in the specified brand, impliedly warrants that the goods of that brand are of the average quality of that brand, under New York Sales of Goods Act, § 95, subd. 2.

5. **Sales ☞272—General dealer does not impliedly warrant specified brand is merchantable.**

   A general dealer in filling an order for a specified brand in which he does not especially deal, but purchases on the open market to fill the

order, does not impliedly warrant that the goods of that brand are merchantable so that a complaint for breach of such implied warranty which fails to allege that the defendant was a dealer in that brand of goods is insufficient on demurrer.

At Law. Action by the McNeil & Higgins Company against the Czarnikow-Rienda Company. On demurrer to the complaint for insufficiency in law. Demurrer sustained.

The first cause of action in the complaint alleges that the plaintiff bought and the defendant sold 5,000 bags of sugar "Eastern cane fine granulated * * * (Federal Sugar Refining Company brand)"; that the defendant "stated, represented, and warranted in said agreement" that the sugar would be as above described; that the plaintiff accepted and paid for such sugar, but that it "did not comply with said contract or said warranty and representations in that said sugar was off and irregular in color, irregular in crystallization, not uniform, not up to the quality of standard Eastern cane sugar, and not up to the usual quality of Federal Sugar Refining Company brand sugar." For this reason the plaintiff rescinded the sale, resold the sugar, and sues for the loss.

The other causes of action are precisely the same except that the shipments were smaller, and that the plaintiff sues for damages because of the breach of the implied warranty.

Garrard Glenn, of New York City, for the demurrer.
Sumner Ford, of New York City, opposed.

LEARNED HAND, District Judge. The Sales of Goods Act (article 5 of the Personal Property Law of New York [Consol. Laws, c. 41]) does not change the general rule of the common law that sales of chattels prima facie are made caveat emptor (section 96). It does provide (section 93) that "any affirmation of fact or any promise by the seller relating to the goods is an express warranty," when reasonably relied on, unless it concern their value or the seller's opinion of them.

[1] Again, section 95 provides that, when there is a sale by description, there is an implied warranty that the goods shall conform to the description. The complaint does not allege any violation of either of these sections. To say that the sugar was off color and not regular does not contradict its being "Eastern cane fine granulated" and of "Federal Sugar Refining Company brand." It is argued that "fine" means "excellent," "superior," or "pure," but that I should say was not so. "Fine granulated" normally would mean "finely granulated," and refer to the size of the granules. At least, that would be its meaning unless the trade means something else. Besides, if it refers to the excellence of the sugar, it is clearly within the exception of section 93, since it is an adjective of opinion. If it means "pure," there is no allegation that the sugar was impure.

Section 96 of the Sales of Goods Act governs warranties of quality. It provides:

"There is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied * * * except as follows."

Of the six following subdivisions only two, subdivisions 2 and 4, can possibly be considered relevant. Subdivision 2 reads as follows:

"Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not) there is an implied warranty that the goods shall be of merchantable quality."

Subdivision 4 reads:

"In the case of a contract to sell or a sale of a specified article under its patent or other trade-name, there is no implied warranty as to its fitness for any particular purpose."

[2] Under subdivision 2 the sugar must have been "merchantable quality," which means a good enough delivery to pass generally under that description after full examination. "Medium quality or goodness" (Howard v. Hoey, 23 Wend. [N. Y.] 350, 35 Am. Dec. 572) seems to me perhaps too high a standard.

[3] The allegation is that this sugar was "not up to the quality of standard Eastern cane, and not up to the usual quality of Federal brand sugar." These are the only material allegations in the complaint under either subdivision. Let me assume on demurrer that the allegation is equivalent to saying that the sugar was not merchantable Eastern cane, and that, though in fact Federal brand, it was not of a quality equal to what would pass on examination for Federal brand. If the average Federal brand was itself not merchantable Eastern cane—that is, if the brand was known to be inferior—the plaintiff has no ground of complaint. He got what he ordered if he got average Federal brand. Therefore the breach, if any, consisted in delivering what might be called "nonmerchantable" Federal brand.

[4] The case, therefore, comes down to whether in a sale of fungibles a stipulation for a specific brand or make is to be taken as part of the description of the goods. It is true that literally a brand only means that the goods are made by the brand owner, and it is argued that, if so made the contract is fulfilled. Yet that argument, when applied to the description proper, would, and for long did, preclude any implied warranty whatever, because the assumption in these cases always is that the goods literally conform with the description. The implied warranty is an added obligation imposed by law. Williston on Contracts, § 984. It seems to me that precisely the same considerations make for a similar implied warranty touching the brand as touching any part of the description. Although the goods are actually made by the owner, unless they be of passing grade for such goods, the buyer is disappointed in his reasonable reliance. The case can be tested by the supposed sale of a manufacturer. Assume that, having a reputation distinguished by his brand, he agrees to sell under that brand. Presumably the brand means some uniform quality, which has made it known and desired. The buyer exacts it because he expects the delivery to have that quality. The seller knows of the buyer's expectations, and he is in a position to know whether the delivery conforms with those expectations. He knows that the buyer relies upon his better knowledge to insure their realization. He cannot suppose that the buyer cares for the fact that he makes the goods independently of the quality of which that fact assures him. If he is charged with more than a literal compliance with any part of the description because

of his better information, he ought, I should say, be charged with this. If not, it can only be because the brand is taken as signifying nothing in the quality of the goods, an erroneous understanding of the parties' meaning. If this be true for a manufacturer, it is under section 96, subd. 2, also true for any seller who deals in the brand.

I have not been able to find any case exactly in point. Dounce v. Dow, 64 N. Y. 411, went off on the question of waiver, and the court expressly declined to pass upon the question raised here. In Taylor v. Dalton, 3 F. & F. 263, a nisi prius ruling of Baron Martin, the case was very closely in point to that at bar, and the ruling in the present defendant's favor. Still it is not exactly on all fours with it. In Linds-borg, etc., Co. v. Danzero, 189 Mo. App. 154, 161, 174 S. W. 459, 461, there is a suggestion obiter that the delivery must come up to "the standard of its class," but it cannot be taken even as a dictum to that effect. Such a dictum occurs in Polly v. Arony (App. T.) 172 N. Y. Supp. 305, 306.[1]  On the other hand in Beck v. Sheldon, 48 N. Y. 365, the case was of a sale made by a manufacturer of pig iron to be made at his furnaces, and of No. 1 and No. 2 grade. The buyer asserted that it was not as good as those grades made elsewhere or in earlier years by the seller. The court said, though obiter, that the contract was satisfied by the product of the seller's furnaces of that grade, regardless of whether it was merchantable or equal to the earlier product. Earl, C., declined to pass upon this point. On the whole, therefore, the cases appear to me to be ambiguous, and none of them except Polly v. Arony, supra, since the statute. The point seems to open on principle.

Subdivision 4 has clearly nothing to do with the question; it touches only the warranty of fitness defined in subdivision 1, and that, too, when the sale is of a "specified" article. The warranty here is of merchantability, and the two are not to be confused. Where the buyer specifies what he wants, he can, of course, not rely upon any superior knowledge of the seller that it will serve his purposes. If he did, he must give the seller some latitude of selection. But he may still insist that it must be of a quality which will pass in the market under that description, and he may rightly rely upon the seller to secure him such a quality.

[5] Nevertheless the complaint here is bad, even with every allowance for ambiguity of language, because it does not allege that the defendant dealt in this brand of sugar. If it was only a general dealer and had no especial acquaintance with the brand in question, the sale was caveat emptor (provided the goods were of the specified brand), no matter whether they were unmerchantable Eastern cane or not. Such a seller is entitled to fill the order according to the letter, to go into the market and buy the brand specified.

The supposed insufficiency of the allegation of reasonable notice would seem to me immaterial. Apparently it is only when the buyer demands a rescission under section 150 (3) that he must give notice.

[1] Determination modified by First Appellate Division, and as so modified affirmed (188 App. Div. 886, 175 N. Y. Supp. 917).

When, as in the last four counts, he sues for damages for breach of warranty under section 150 (1 b), I should think that no notice was necessary. I am not aware that the New York Court of Appeals has ruled to the contrary, and the statute seems to me explicit. At any rate, it is unnecessary now to decide the point, because the complaint must be amended anyway, and it is to be hoped that the plaintiff, if he keeps the allegation at all, will set out the facts. It is a dilatory method to force the defendant to a bill of particulars and then to a motion for judgment on the pleadings. Nor do I mean to say that the allegation as it stands should survive demurrer.

Demurrer sustained. Judgment respondeat ouster within 20 days.

---

⊕⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes