ARTHUR L. IRELAND, administrator, *vs.* LOUIS K. LIGGETT COMPANY.

Suffolk.     October 19, 1922. — December 2, 1922.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Sale,* Warranty: express, implied.  *Practice, Civil,* Charge to jury, Exceptions.

At the trial of an action of contract for damages resulting from the presence of glass in cold cream sold to the plaintiff by the defendant but manufactured by another, the evidence warranted the finding of the following facts: The plaintiff went to a store of the defendant to purchase a jar of cold cream, and, having asked for a particular kind that she had used, was informed by the clerk who waited upon her that the defendant did not have it in stock, but had "a cream of their own . . . which was superior to the one she had been using," and which was "pure and healthful." Relying on his recommendation, she purchased two jars placed in cartons. Both cartons and jars were labelled. The plaintiff, while using the cream, rubbed some of it in her hand and a piece of glass contained therein lodged in her palm. *Held,* that

(1) The statement by the defendant's employee that the cream was "pure and healthful" could have been found in the circumstances to have been an express warranty that the cream was as stated;

(2) A finding was warranted that such an express warranty was broken;

(3) A submission of the case to the jury on instructions that the sale also was subject to an implied warranty that the goods were reasonably fit for the purpose for which they were sold was proper, the express warranty above described not being wholly to the same effect as the implied warranty;

(4) An implied warranty or condition that goods are reasonably fit for the purpose for which they are bought arises where the buyer expressly or by implication makes known to the seller the particular purpose for which they are required and where he relies on the seller's skill or judgment, whether the latter is the manufacturer or not, unless he, the buyer, has examined the goods and a defect therein is one which an examination would have revealed, or unless the contract is for the sale of a specified article under its patent or other trade name;

(5) The evidence justified the conclusion that the plaintiff at least by implication made known the particular purpose for which the goods were required and that, in purchasing a preparation which she had never used before, she relied on the seller's skill and judgment in selecting it;

(6) The transaction was not as a matter of law within the provision of G. L. c. 106, § 17, cl. 4;

(7) The right of the plaintiff to recover based on a breach of warranty was not founded on negligence, and, where such a warranty existed, the fact of a purchase by the defendant from a reputable manufacturer was not a defence;

(8) Certain portions of the charge to the jury, which permitted the jury to find an express warranty of fitness because of representations, in substance, that the cream was good, popular, largely sold, that the plaintiff would like it, that fault had not been found with it, and that purchasers were satisfied; and which instructed them in substance that, if the plaintiff relied upon what the clerk said in praise of the goods and upon "seller's talk" about the cream, there would be a warranty, were erroneous in that they disregarded the well settled distinction between affirmations of fact which may constitute a warranty and those which are included in the term "seller's talk," puffing of wares, and expressions of opinion;

(9) A general statement by the judge, that there could be found to be no right of action because of seller's talk, did not cure the error above described nor render it harmless.

TORT OR CONTRACT for damages resulting from the plaintiff's intestate being cut in her hand by a piece of glass in cold cream purchased, but not manufactured by, the defendant. Writ dated April 13, 1920.

In the Superior Court, the plaintiff waived any right to recover in tort. . The action was tried before *Dubuque*, J. Material evidence is described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. The defendant then asked, among others, for the following rulings:

"1. On all the evidence the plaintiff is not entitled to recover."

"5. If the manufacturer of the cream prepared it and put it on the market as a harmless cosmetic and the cream did in fact contain glass, and if there was as a matter of fact no negligence on the part of the defendant in selling this cream after buying it from the manufacturer, then the manufacturer and not the defendant is liable in this case.

"6. If the defendant purchased the cream from a reputable manufacturer of toilet preparations, who employed modern methods to keep its products free from foreign substances, this is strong evidence of proper conduct on the part of the defendant, and is a fulfilment of the defendant's duty toward the plaintiff's intestate."

The rulings were refused. Certain portions of the charge to the jury are described in the opinion. The jury found for the plaintiff in the sum of $300; and the defendant alleged exceptions.

St. 1908, c. 237, § 15, cls. 1, 4 (now G. L. c. 106, § 17, cls. 1, 4), are as follows:

"(1) Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose. . . ."

"(4) In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose."

*J. E. Farley,* for the defendant.

The case was submitted by the plaintiff without argument or brief.

JENNEY, J. The evidence warranted the following findings: The plaintiff's intestate, Inez M. Ireland, hereinafter called the plaintiff, went to a store of the defendant to purchase a jar of cold cream, and having asked for a particular kind that she had used, was informed by the clerk who waited upon her that the defendant did not have it in stock, but had "a cream of their own . . . which was superior to the one she had been using" and which was "pure and healthful;" relying on his recommendation she purchased two jars placed in cartons. Both cartons and jars were labelled "Riker's Violet Cerate for the Complexion, a Soothing,

Healthful Face Cream.    Riker Laboratories, Inc., Distributor."
The plaintiff while using the cream rubbed some of it in her hand,
and a piece of glass contained therein lodged in her palm.

The plaintiff bases the right to recover for the injury so sus-
tained solely upon alleged breaches of the contract of sale, having
waived any right to recover in tort.    No question of pleading is
raised.

The statement that the cream was "pure and healthful" was an
affirmation of fact and, having a natural tendency to induce the
buyer to purchase the goods, it could have been found that she
relied thereon; hence there was an express warranty that the
cream was as stated.    G. L. c. 106, § 14.    *Henshaw* v. *Robins,* 9
Met. 83, 88.    *Brown* v. *Bigelow,* 10 Allen, 242.    *Cavanaugh* v.
*D. W. Ranlet Co.* 229 Mass. 366.    *Morse* v. *Moore,* 83 Maine, 473.

A warranty of purity is broken if some foreign substance is
contained in the merchandise rendering its normal use dangerous.
*Flynn* v. *Bedell Co. of Massachusetts,* 242 Mass. 450, and cases
collected.    It follows that the motion for a directed verdict was
properly denied, and the request for an instruction that the plaintiff
on all the evidence was not entitled to recover was rightly refused.

The judge also submitted the case to the jury on instructions
relating to an implied warranty.    Such submission was proper.
The jury could have found that no express warranty in fact was
made, and if existent it did not negative an implied warranty unless
inconsistent therewith.    An implied warranty or condition that
goods are reasonably fit for the purpose for which they are bought
arises where the buyer expressly or by implication makes known
to the seller the particular purpose for which they are required and
where he relies on the seller's skill or judgment, whether the latter
is the manufacturer or not, unless he, the buyer, has examined
the goods and the defect is one which an examination would have
revealed, or unless the contract is for the sale of a specified
article under its patent or other trade name.    The express war-
ranty which the jury were justified in finding and that of reasonable
fitness implied by law were not wholly to the same effect.    An
article may be reasonably fit for use and not pure.

The evidence justified the conclusion that the plaintiff at least
by implication made known the particular purpose for which the
goods were required and that in purchasing a preparation which

she had never used before she relied on the seller's skill and judgment in selecting it.

The transaction was not as matter of law within the provisions of the statute (St. 1908, c. 237, § 15, cl. 4, now G. L. c. 106, § 17, cl. 4) negativing the existence of an implied warranty of fitness in case of the sale of a specified article. It could have been found that the plaintiff purchased the preparation upon the "recommendation" that it was superior to that which she had been using and which she desired to purchase and that it was suitable for use on account of its composition and healthful character. The statutory provision now considered applies where the transaction results from the desire of one to purchase and the obligation of another to deliver a definite article having a "patent or other trade name." A seller who recommends a specific thing as fit for the buyer's use does not bring himself within the help of this exception, where it can be found that his advice and judgment were relied upon and that the article was not delivered in fulfilment of the buyer's offer to purchase goods identified by a name known to the trade and the seller's acceptance thereof. The existence of such a warranty is not negatived where the purchaser of an article, for a definite purpose rather than of a particular kind of merchandise, relies on the seller to supply him with something adapted to that end; the latter in that case does not escape liability by the recommendation and subsequent sale of an article having a trade name. The presence of the glass could have been found to constitute a breach of an implied warranty that the cream was reasonably fit for use. *Ward* v. *Great Atlantic & Pacific Tea Co.* 231 Mass. 90.

The fifth and sixth requests were properly refused. The right of the plaintiff to recover based on a breach of warranty is not founded on negligence, and where such an obligation exists, the fact of a purchase by the defendant from a reputable manufacturer is not a defence. *Farrell* v. *Manhattan Market Co.* 198 Mass. 271, 286. See Williston on Sales, § 237.

In the charge the judge in substance instructed the jury that if the defendant's clerk at the time of the sale said to the purchaser that the merchandise furnished was "very good, very popular, you will like it, we sell a great deal of it, and people don't find fault with it, they seem to be satisfied with it," and if "she relies upon what the clerk said in praising the goods, then there is a warranty

in such a case that the goods are fit for the purpose for which they are sold, so that if there is any defect in them, glass or anything . . . then the seller is responsible for that defect." And later continued: "If you find that the facts warrant your finding the issue as claimed by the plaintiff, namely, that the deceased . . . asked for a kind of cream that wasn't in the store, and she was told they didn't have it, but they had this other kind, just as good, popular, recommended it, and the deceased girl relied upon that, relied upon the seller's talk about it, his recommendation, then there would be a warranty and the plaintiff would be entitled to recover." The defendant's exception to these instructions must be sustained. They permitted the jury to find an express warranty of fitness because of representations in substance that the cream was good, popular, largely sold, that the plaintiff would like it, that fault had not been found with it, and that purchasers were satisfied; and the jury were told that if the plaintiff relied upon what the clerk said in praise of the goods and upon "seller's talk" about the cream there would be a warranty. If we assume that these instructions related to statements that were in evidence, it is clear that they were erroneous because they disregarded the well settled distinction between affirmations of fact which may constitute a warranty and what is included in the term "seller's talk," puffing of wares, and expressions of opinion. *Poland* v. *Brownell,* 131 Mass. 138. *Deming* v. *Darling,* 148 Mass. 504. *Lynch* v. *Murphy,* 171 Mass. 307.

While the judge stated in a general way that there could be found to be no right of action because of seller's talk, he did not modify the direct instruction that the statements hereinbefore summarized were sufficient to constitute an express warranty. Other objections need not be considered.

The jury were further instructed that if the representations hereinbefore summarized induced the plaintiff to purchase the cream, it might satisfy them that the defendant was the one "who made the selection." In determining the question whether the sale was of a specified article under G. L. c. 106, § 17, cl. 4, the evidence being contradictory, the instruction that that which had been said could be considered in determining whether the sale was of an article selected by the seller and purchased because of the representations made rather than of a specific article desired by

the buyer and supplied as such by the seller in our opinion was substantially correct.

The other exceptions have been waived by failure to argue them.

*Exceptions sustained.*