ARTHUR H. LAMBORN and Others, Copartners Doing Business under the Firm Name and Style of LAMBORN & COMPANY, Appellants, *v.* CZARNIKOW-RIONDA COMPANY, Respondent.

First Department, December 2, 1927.

**Sales — warranty — action to recover for breach of warranty of quality — special damages based on cost of defending actions brought against plaintiffs by persons to whom goods were resold on similar warranty may be pleaded and recovered under Personal Property Law, § 151 — fact that two actions brought against plaintiffs had been dismissed does not preclude them from pleading expense of defending those actions as special damages — plaintiffs may also plead as special damages expense of defending action pending.**

In an action to recover damages for breach of a warranty of quality of goods purchased, the plaintiffs may plead and recover under section 151 of the Personal Property Law as special damages, the cost of defending actions brought against them by a third person to whom the goods were resold under a similar warranty.

If the plaintiffs are successful in this action they may recover the expense of defending actions in which the complaints were dismissed, especially in view of the fact that the actions in which the complaints were dismissed were brought by the same person who has still pending an action against the plaintiffs.

The plaintiffs may also recover as special damages the cost of defending the action now pending, and the fact that that litigation has not been closed does not preclude plaintiffs from pleading the cost of defense as special damages. Since the plaintiffs were compelled to bring this action in order to save it from the Statute of Limitations, such expense may be pleaded as prospective damages.

APPEAL by the plaintiffs, Arthur H. Lamborn and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of August, 1927, granting defendant's motion to strike out certain paragraphs from the complaint, with leave to serve an amended complaint.

*Louis O. Van Doren* of counsel [*Alfred C. B. McNevin* with him on the brief; *Van Doren, Conklin & McNevin,* attorneys], for the appellants.

*Garrard Glenn* of counsel [*James F. Dealy* with him on the brief; *Glenn & Ganter,* attorneys], for the respondent.

FINCH, J. The question involved upon this appeal is whether, in addition to general damages for breach of warranty of quality of goods purchased from the defendant, a plaintiff is entitled to plead as special damages the cost of defending suits brought against the plaintiff by third parties arising out of resales of the goods purchased, and predicated upon breaches of a similar warranty

47

on the part of the plaintiff. Section 151 of the Personal Property Law (as added by Laws of 1911, chap. 571, known as Sales of Goods Act) appears to be express authority for the recovery of such special damages in addition to general damages. A plaintiff who establishes a cause of action is entitled to recover all the damages of which the wrong complained of is the proximate cause. If it appears that the special damage claimed was fairly within the contemplation of the parties when the contract was entered into, there is no reason why it should not be recovered. (*Abounader* v. *Strohmeyer & Arpe Co.*, 243 N. Y. 458, 467.)

In the case at bar the plaintiffs claim general damage in the sum of $330,000 for a breach of warranty of quality of a large quantity of sugar purchased from the defendant. In addition, as special damage, it is alleged that the plaintiffs sold a portion of this sugar to the Northern Jobbing Company under a similar warranty; that the Northern Jobbing Company brought an action against the plaintiffs for breach of warranty of quality; that plaintiffs duly notified the defendant of such action and requested the defendant to defend the same, which the defendant refused to do; that the Northern Jobbing Company recovered a judgment against the plaintiffs for damages in the sum of $49,000, which was affirmed on appeal and paid by the plaintiffs. The plaintiffs make no claim in this action for the amount of the judgment paid to the Northern Jobbing Company, but claim reimbursement for the costs of defending the same. The complaint also alleges the institution of a series of three actions against the plaintiffs by Joannes Brothers Company, based upon an alleged breach of warranty of quality in connection with the resale and delivery of a portion of the same sugar purchased by plaintiffs from the defendant, two of which actions resulted in judgments dismissing the complaints and the third of which actions was still pending when this action was commenced. In these actions also the defendant was vouched in, but refused to defend. Claim is likewise made for the cost of defending these actions. The court struck out all the allegations with respect to the claims for special damage, but granted to the plaintiffs leave to file an amended complaint claiming as special damage the cost of defending the action in which judgment was obtained against the plaintiffs, and which has been concluded. There appears no good reason for discriminating between the two classes of actions. The claim in the Joannes Brothers Company actions arose out of the same breach of warranty in connection with the same sugar as is involved in the Northern Jobbing Company action, in which judgment was rendered against the plaintiffs. The dismissal of the complaints in two of the Joannes actions does not establish that there

is no cause of action against the plaintiffs for the breach of warranty, since there is still pending an action based upon the same cause of action. By reason of the breach of warranty upon which the plaintiffs' cause of action is based, the plaintiffs have been compelled to defend these various actions. That in two of the actions the complaint was finally dismissed does not make the cost of defending the same arise any the less out of the breach of warranty. The fact also that the litigation has not been determined does not preclude the assertion of the claim to compensation. Plaintiffs are compelled to sue because the Statute of Limitations is running against them. They can bring only one suit and in any event would be entitled to claim this as prospective damage. The plaintiffs are required to assert their claim to these damages in order to be in a position to recover them should the trial of the issues prove them entitled thereto.

The fallacy in defendant's argument urging the contrary is that it is confusing special damage with a special measure of damage. Of course plaintiffs could not recover any part of a double measure of damage. In other words, the plaintiffs could not recover damages pursuant to the general measure of damage and at the same time recover special damages measured by the amounts recovered against him by his vendees. The plaintiffs are obliged, however, to defend the suits of their vendees against them and the counsel fees incurred were an additional item caused by reason of the breach of warranty, which are recoverable by the plaintiffs in addition to their general damage. If the plaintiffs prove a breach of warranty and that the resales were within the contemplation of the parties, the plaintiffs are then damaged not only the difference in value of the goods but the expense of defending the suits against them.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days on payment of said costs.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.