Marjorie Ganoung, Plaintiff, *v.* Daniel Reeves, Inc., and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Tenth District, November 22, 1933.

*George Garfunkel*, for the plaintiff.

*Bloom & Scherl* [*Warren J. Bloom* of counsel], for the defendant Daniel Reeves, Inc.

PRINCE, J.   This is an action for damages for personal injuries received by plaintiff, a young lady, when she attempted to open a can of dog food purchased from the defendant corporation at one of its grocery stores.   On the day of the accident plaintiff brought the can home and set it down on the table.   She testified that she noticed nothing on the exterior of the can to indicate that the quality of the contents had become impaired or that there was anything wrong with it.   She proceeded to open the can by inserting the point of a can opener into the top, in the customary manner.   At the instant she did so, the liquid contents shot out through the hole made by the can opener, and was violently projected into plaintiff's face.   Some of this liquid got into plaintiff's eyes, causing them to become infected and swollen, and inflicting serious injury, as evidenced by the photographs of plaintiff's face taken shortly after the accident.

Plaintiff further testified that she had on previous occasions bought the same brand of dog food, known under the trade name of Calo, which she fed to her dog; that it always came in the form of a solid; that the contents of the can which she opened on the day of the accident had become decomposed and putrid; a large portion of it had degenerated into a liquid; and that immediately after the occurrence the room was permeated by a strong and disagreeable odor.   There was ample evidence to show that the dog food had become decomposed while it was in the can, and that as a result of the gases which were generated the internal pressure became so powerful that the liquid was violently expelled when plaintiff punctured the can.

The manufacturers of Calo are located in California, and were not served with process.   Defendant has nothing to do with the manufacture or with the packing of the product, but purchases it in wholesale quantities from the manufacturer and retails it in the original hermetically sealed cans.

The facts of this case come within the purview of section 96,

subdivision 2, of the Personal Property Law, which provides as follows: " Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be of merchantable quality." That section of the Personal Property Law applies to sales of all kinds of merchandise. (*Rinaldi* v. *Mohican Co.*, 225 N. Y. 70; *Chysky* v. *Drake Brothers Co.*, 235 id. 468.)

Whether or not plaintiff specified Calo by name when she made the purchase is immaterial. (*Bencoe Exporting & Importing Co.* v. *McGraw*, 212 App. Div. 136; *Sampson* v. *Pells Co.*, 199 id. 854; *Mc Neil & Higgins Co.* v. *Czarnikow-Rionda*, 274 Fed. 397; *Foley* v. *Liggett & Myers, etc., Co.*, 136 Misc. 468.)

It is apparent that the Calo sold to plaintiff was not merchantable, that there was a breach of the implied warranty, and, therefore, under section 96 of the Personal Property Law, the liability of the defendant seems clear. Defendant contends, however, that the damages recoverable by plaintiff for this breach are limited to the value of the article, which is ten cents.

The Personal Property Law (§ 150, subd. 7) provides as follows: " In the case of breach of warranty of quality, such loss, *in the absence of special circumstances showing proximate damage of a greater amount,* is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty."

" § 151. * * * Nothing in this article shall affect the right of the buyer or the seller to recover interest or special damages in any case where by law * * * special damages may be recoverable."

The language of the two sections above quoted has great significance with reference to the facts of the case at bar, because it shows that the Legislature contemplated situations where the damages should not be limited to the value of the unmerchantable article. In *Sorenson* v. *Keesey Hoisery Co.* (244 N. Y. 73) the court said that freight charges, insurance, crating and loss of profits might be recovered. In *Ryan* v. *Progressive Grocery Stores* (255 N. Y. 388) damages were allowed for personal injuries sustained because of a pin imbedded in a loaf of bread. In *Hopkins & Co.* v. *Silverman* (234 App. Div. 224) the court allowed as special damages a sum which plaintiff was compelled to pay out in order to obtain goods to meet the demands of a customer whom he expected to serve from goods purchased from defendant. In *Cramerton Mills, Inc.,* v. *Nathan & Cohen Co., Inc.* (231 App. Div. 28) the court allowed as damages for breach of warranty the loss of good will suffered by the purchaser. In *Lamborn* v. *Czarnikow-*

*Rionda Co.* (221 App. Div. 737) the court allowed special damages for the cost of defending suits brought against the purchaser by third parties arising out of the goods purchased and based upon breaches of the same warranty. In *Abounader* v. *Strohmeyer & Arpe* (243 N. Y. 458) the court allowed the purchaser special damages for legal services employed by him in order to defend himself against claims for penalties arising from the breach of warranty.

In *Ryan* v. *Progressive Grocery Stores* (*supra*) the court said (at p. 395): " The argument is made that the only damage to be recovered for the breach of warranty of merchantable quality is the price of the bread, the difference in value between a good loaf and a bad one. The rule is not so stubborn. Undoubtedly, the difference in value supplies the ordinary measure (Pers. Prop. Law, § 150, subds. 6 and 7; § 151). The measure is more liberal where special circumstances are present with proof of special damage (§ 150, subd. 7; § 151). Here the dealer had notice from the nature of the transaction that the bread was to be eaten. Knowledge that it was to be eaten was knowledge that the danger would be greater than the price. * * * For damages thus foreseen, the buyer had his remedy, whether the warranty is one of fitness or of merchantable quality."

Similarly, in the case at bar, the dealer had knowledge that the can must be opened for the purpose of extracting the contents. If the contents were so unmerchantable that as a natural and proximate consequence of opening the can the purchaser is injured, the Personal Property Law affords a remedy for the injuries.

Defendant cites the case of *Birdsinger* v. *McCormick Harvesting Machine Co.* (183 N. Y. 487), decided by the Court of Appeals in 1906. In that case, however, the court was construing an express warranty, and it found that when the warranty was made the parties did not contemplate any liability for special damages. In the case at bar the warranty is implied by law, and the extent of the damages recoverable for a breach thereof must be governed by some rule of law, since facts from which the actual intention of the parties may be inferred are necessarily absent. The rule is that defendant is liable for all damages resulting as a direct and natural consequence of the breach of implied warranty when the article is used in the customary manner. The damages suffered by plaintiff were a direct and natural consequence of the unmerchantable character of the article, and plaintiff was using it in the customary manner.

I, therefore, award judgment in favor of plaintiff and against defendant in the sum of $500; ten days' stay.