The plaintiff seeks to recover damages for injuries she allegedly sustained as a result of biting upon a foreign substance contained in a can of corn purchased by her from the defendant. Recovery is sought for breach of implied warranty of fitness for consumption as food and implied warranty of merchantable quality, under subdivisions 1 and 2 of section 1276e of the 1939 Supplement to the General Statutes.
The store owned by the defendant and in which the plaintiff purchased the corn in question is of the type known as a self-service store, wherein the customer is afforded an opportunity to select personally desired articles from merchandise displayed on shelves and counters, and ordinarily without the assistance of salespersons. The plaintiff desired to purchase some canned corn, and upon entering the defendant's store, was directed by one of the defendant's employees to the section of the store where canned corn was displayed. From among various brands displayed, the plaintiff selected two sealed cans bearing labels with the legend: "NIBLETS Brand Reg. U.S. Pat. Off. Vacuum Packed FRESH CORN OFF THE COB." The labels further indicated the manufacturer or packer to be Minnesota Valley Canning Company of Le Sueur, Minnesota.
When the plaintiff partook of the contents of the cans she bit into a foreign substance resembling a piece of porcelain and sustained injuries to her teeth.
It is found that the foreign substance was contained in one of the cans of corn at the time the plaintiff purchased the same.
The defendant contends that in a purchase at a self-service store, such as the one here in question, where the buyer voluntarily selected the cans and brand she desired, there can be no finding of reliance on the seller's skill and judgment, a requisite condition under subdivision 1 of the statute for an implied warranty of fitness, and no finding of a sale by description, a requisite under subdivision 2 for an implied warranty of merchantable quality.
The pertinent portions of section 1276e read as follows: *Page 11 
 (1) When the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose, and such warranty shall extend to all members of the buyer's household;
 (2) when the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality;
 (4) in the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose.
To recover for breach of implied warranty of fitness for consumption as food under subdivision 1 of the statute, the plaintiff is required to show compliance with both conditions of this subdivision, viz., that she made known to the defendant, expressly or by implication, the purpose for which the goods were required and that she relied on the defendant's skill or judgment in making her purchase. As to the condition requiring that the purpose for which the plaintiff purchased the articles be made known, "the mere purchase by a customer from a retail dealer in foods of an article ordinarily used for human consumption does by implication make known to the vendor the purpose for which the article is required. Such a transaction standing by itself permits no contrary inferences."Rinaldi vs. Mohican Co., 225 N.Y. 70, 73, 121 N.E. 471, 472.See, also, Burkhardt vs. Armour Co., 115 Conn. 249, 258.
The question then, is whether the facts warrant the further inference and finding that the plaintiff relied on the defendant's skill or judgment. The canned goods purchased by the plaintiff were known by a particular brand or trade-mark. In the purchase of such goods, a finding that the customer relied on the seller's skill or judgment in making a purchase has been made to turn on the question whether the customer asked for the particular brand purchased, or merely described the kind of food desired, without specifying any particular brand. In the Burkhardt case the opinion does not appear to *Page 12 
discuss the element of reliance on the seller's skill or judgment, except inferentially, although the facts recited on page 252 of the opinion indicate that the buyer there "went to the store of the defendant Tea Company and asked the manager for a small can of corned beef without specifying any particular brand." The manager handed her a can of a particular brand. Recovery was allowed for breach of an implied warranty of fitness apparently because the manager's judgment was held to have been relied upon to make the selection of the can purchased by the buyer. In Ryan vs. ProgressiveGrocery Stores, Inc., 255 N.Y. 388, 175 N.E. 105, cited in the opinion in the Burkhardt case at page 261, recovery for breach of an implied warranty of fitness was denied because the buyer asked for a particular brand of bread, and it was held that the choice was determined by him and not in reliance upon the judgment of the seller.
In both the Burkhardt case and the Ryan case, the customer purchased packaged food of a particular brand or trade-mark, through the intermediary of a salesperson employed by the seller. The controlling factor in these cases, in determining whether a warranty of fitness would be implied, was that in one case the selection was made by the seller, and in the other by the buyer.
In considering whether an inference of reliance on the seller's judgment is warranted, too much importance is not to be attached to the factor of selection alone, when that element is of no real significance in the sale of the article involved. At least of equal importance is the question whether the buyer has inspected or examined the goods. "Inspection by the buyer is always of importance in considering whether in fact he exercised his own judgment or relied on that of the seller." 4 Williston, Contracts (Rev. ed. 1936) § 989.
In Rinaldi vs. Mohican Co., supra, it was indicated that an important consideration, in determining the question of reliance, was whether or not the buyer had an opportunity to examine the goods. The court observed that it did "not lay stress on the question as to whether the particular article was selected by the buyer or by the seller. That may or may not be important." (Page 74 of 225 N.Y. and page 472 of 121 N.E.) The court goes on to say that where the buyer makes a selection of an article of food "for some reason unconnected *Page 13 
with its fitness for food and exercising and having no judgment on that question .... then he is relying upon the dealer no less than when the selection is made by the latter. He assumes that the dealer knows and has the means of knowing that all are fit for food. It is a matter about which ordinarily the purchaser knows and can know nothing."
In Ward vs. Great Atlantic Pacific Tea Co.,231 Mass. 90, 120 N.E. 225, wherein the defendant's manager sold the plaintiff a sealed can of beans, the cans in the defendant's stock were all alike in label and in general appearance. The opinion recites that from the agreed facts it did not appear expressly that the manager selected the can for delivery to the buyer or that the buyer relied upon the judgment of the manager in selecting the can for delivery. It was held as a matter of necessary inference arising from the relation of the parties that "the plaintiff relied upon the knowledge and trade wisdom of the defendant in purchasing the can of beans." (Page 93 of 231 Mass. and page 226 of 120 N.E.) The court observed that the "contents could not in the nature of things be open to inspection before the sale. There could be no intelligent selection based upon any observation by the purchaser. There is no room for the exercise of individual sagacity in picking out a particular can. The customer at a retail store is ordinarily bound to rely upon the skill and experience of the seller in determining the kind of canned goods which he will purchase, unless he demands goods of a definite brand or trade name." The court went on to observe that a different situation might obtain where an opportunity existed for the buyer to inspect the food purchased and exercise an independent judgment, and where "the fact as to the one who makes the selection is of significance."
Where the seller transacts his business through the medium of salespersons, it is possible in some circumstances, under the decisions in the Burkhardt and Ryan cases, supra, for a buyer to purchase branded food products, in sealed containers, with an implied warranty that the same are fit for human consumption. Where, however, the seller, for economy or other reason, chooses to carry on his business without the use of sales persons, is such a warranty of fitness to be excluded in every case merely because the customer is himself made to select the article to be purchased from among such articles as the seller may choose to display for sale? Is a customer who seeks *Page 14 
to purchase food of a certain kind, and having no knowledge of, or preference for, any particular brand, entitled to have the benefit of a warranty of fitness if he enters a store where clerks are employed, and receives at the hands of a clerk a trade-marked article in a sealed container, and is he to be deprived of the benefit of the warranty if he enters a self-service store and himself takes the same trade-marked article from a shelf, while having no more knowledge of the article than he acquires from seeing the sealed container displayed?
It is common knowledge that foodstuffs in an ever increasing variety are being put up and sold in sealed containers, the contents of which the purchaser has no opportunity to inspect or examine, and in the selection of which the purchaser can exercise very little, if any, independent judgment. (SeeMelick, Sale of Food and Drink [1936] p. 31, note 43.) It is largely for this reason that considerations of public safety have demanded that the liability of the retailer, on an implied warranty of fitness for human consumption, be extended to articles of food marketed in sealed containers, although the retailer has no greater opportunity for examination than has the consumer-purchaser. Burkhardt vs. Armour Co., supra.
It is also common knowledge that the number of self-service stores wherein foodstuffs are sold to the retail trade by means of displays, and without the medium of salespeople, is continually increasing. In other establishments there is a growing practice to display various products in sealed containers on counters, or in machines, and to invite and encourage the customer to make his own selection of the article to be purchased from among the articles displayed. To hold that by choosing this method of sale, the seller is enabled to escape completely the liability which would be his, in certain circumstances, if salespeople were employed to assist customers in making their purchases, involves a distinction having no real substance. No difference can be discerned between the act of the customer picking a can of corn from a counter where many similar cans are displayed and the act of a clerk taking it from a shelf and handing it to a customer. It hardly could be argued, for example, that a different result would have obtained in the Ward case, supra, if the facts had disclosed that the store was a self-service store and that the buyer had picked up and purchased one of the cans from among those displayed. *Page 15 
Authorities are not wanting which hold that in displaying articles of food for sale, the seller impliedly warrants that each and all of such articles are fit for human consumption, and the fact that the purchaser chooses one or the other does not relieve the dealer. Swengel vs. F. E. Wholesale GroceryCo., 147 Kan. 555, 562, 77 P.2d 930, 935; Sloan vs.F. W. Woolworth Co., 193 Ill. App. 620; Bowman vs. WoodwayStores, Inc., 258 id. 307, 315. See, also, 4 Williston,Contracts (Rev. ed. 1936) § 996.
In Rinaldi vs. Mohican Co., supra, the statement is made that a purchase of food, where the buyer may assume that the seller has the opportunity to examine the article sold, unexplained, is conclusive evidence of reliance on the seller's skill and judgment. The question as to whether the same inference should be deduced from the mere purchase alone, in the case of a sale in the original package bought by the vendor from others, was left open.
It is concluded, therefore, that the act of selecting a particular can of food is not under all circumstances to be considered of controlling importance, in determining whether the buyer has relied on the seller's skill or judgment, so as to make the implied warranty of fitness under subdivision 1 of section 1276e operative; and that where, as here, a selection of food in a sealed container is made by the buyer, who obviously is required to make his own selection and has no opportunity to examine the contents and where the process of selection therefore has no real significance, the inference that the buyer relies on the seller's skill and judgment is warranted from the relation of the parties and the fact of the sale.
The cans of corn purchased by the plaintiff bore labels indicating that the same were known by a particular brand or trade name, and with the name of the packer or manufacturer noted thereon. The provisions of subdivision 4 of section 1276e do not exclude an implied warranty of fitness under subdivision 1, in view of the conclusion that the plaintiff's purchase was made in reliance on the defendant's skill and judgment. Ireland vs. Louis K. Liggett Co., 243 Mass. 243,137 N.E. 371; Weiner vs. D. A. Schulte, Inc., 275 Mass. 379,176 N.E. 114.
If, however, the provisions of subdivision 4 are to be considered a bar to the implied warranty of fitness under subdivision *Page 16 
1, said subdivision 4 does not exclude the implied warranty of merchantable quality under subdivision 2 of the statute. 4 Williston, Contracts (Rev. ed. 1936) § 990A.
"Dealer as well as manufacturer or grower affirms as to anything he sells, if purchased by description, that it is of merchantable quality." Ryan vs. Progressive Grocery Stores,Inc., 255 N.Y. 388, 392, 175 N.E. 105, 106.
In Naumann vs. Wehle Brewing Co., 127 Conn. 44, 47, it is said that the effect of the provision concerning an implied warranty of merchantable quality is to place the burden of this warranty on the seller for the protection of anyone who buys.
The can purchased by the plaintiff, containing the substance noted, was not of merchantable quality. The facts here present warrant the inference that the plaintiff desired to purchase canned corn of the kind described on the label. The plaintiff was entitled to receive merchantable goods of the kind described.
The applicability of the warranty of merchantability in actions brought by purchasers at retail has been increasingly recognized. Ryan vs. Progressive Grocery Stores, Inc., supra;Foley vs. Liggett Myers Tobacco Co., Inc., 136 Misc. 468,241 N.Y.S. 233; Ganoung vs. Daniel Reeves, Inc., 149 Misc. 515,268 N.Y.S. 325; Dow Drug Co. vs. Nieman, 57 Ohio App. 190,13 N.E.2d 130; Botti vs. Venice Grocery Co.,309 Mass. 450, 35 N.E.2d 491.
The plaintiff is entitled to recover for breach of an implied warranty of fitness under subdivision 1 and an implied warranty of merchantable quality under subdivision 2 of the statute.
 Judgment may enter for the plaintiff to recover $111 damages, and costs.