Barron, J.
This is an action of tort or contract in which the plaintiff seeks to recover damages as the result of the sale of certain meat by the defendant to the plaintiff and which the plaintiff contends was contaminated and unfit for human consumption. The trial court made a finding for the plaintiff on a count in the declaration based upon a breach of warranty.
At the trial there was evidence from which the court could have found that the authorized agent of the plaintiff, one Albert Furst, was a man who had many years experience in all phases of the meat business, that the plaintiff was a corporation engaged in the sale of meat, that on or about August 6, 1946 Furst inquired from David Katz, the authorized agent of the defendant, with reference to the purchase of some loins, that Katz indicated to Furst that *15 he had some loins and pointed a number of loins out to him; thereafter Furst went to the icebox and picked out some of the loins which were hanging there and looked at them. The loins appeared aged and looked a little slimy to Furst and he inquired of Katz whether or not the loins, in that they appeared aged and slimy, to him were all right; that Katz informed him that they were all right and that subsequently Furst purchased 400 pounds of the loins which he selected, at a price of $100.00 dollars. Furst also asked Katz whether or not anything had been used on the meat to kill the odor. The loins were taken directly by Furst to the plaintiff’s store and placed in the icebox there. On the following day Furst opened his icebox and noticed a foreign odor which differed from the odor of aged beef. On August 8, 1946 Furst called Katz about the odor and appearance of the meat and Katz said that the loins were perfect and that he, Furst, should bone them out. On August 8th Furst boned the loins out and saw that they were dark and green inside; that there was nothing obvious on the surface ; that after boning the loins out Furst called Katz and informed him that he was returning the loins. The loins were returned to the defendant but the defendant refused to accept them.
The meat was heated meat and the term “heated” was defined as meaning that the meat had been placed in a refrigerator too soon after the animal had been slaughtered so that the animal heat was retained in the meat. An examination of the surface of the meat would not reveal whether or not it had been heated. It was necessary to cut into the meat to ascertain this fact; the meat was not contaminated but heated meat and unfit for human consumption.
The defendant claims to be aggrieved by the court’s rulings on the following requests:
*16 (1) That the evidence warrants a finding for the defendant because (a) There is not any evidence of an express warranty, (b) There is not any evidence of an implied warranty, (c) It does not appear that the plaintiff relied on the defendant’s skill or judgment, (d) The buyer examined the goods, (e) The defects, if any, of which the plaintiff complains, are such that an examination ought to have revealed them. Warrants but does not require * I find on facts that implied warranty existed, that the plaintiff relied on the defendant’s selection, that examination by buyer, if any, could not disclose defect in merchandise. (2) The evidence and pleadings warrant a finding for the defendant. Warrants, but does not require. See 1 for reasons. (3) The evidence does not warrant a finding for the plaintiff because: (a) It does not appear that the plaintiff relied on the defendant’s skill or judgment. (b) The buyer examined the goods, (c) The defects, if any, of which the plaintiff complains, are such that an examination ought to have revealed them. Denied. (4) The evidence and pleadings do not warrant a finding for the plaintiff. Denied. (5) Unless the plaintiff expressly or by implication made known to the defendant the particular purpose for which the goods were required, and unless it appears that the plaintiff relied on the defendant’s skill or judgment, there was not any implied warranty that the merchandise would be reasonably fit for such purpose. Denied as inapplicable as I find on facts that by implication defendant knew purpose of use of goods and plaintiff relied on defendant’s judgment. (7) The evidence does not warrant a finding that the plaintiff relied on the defendant’s skill or judgment. Denied. (8) The evidence warrants a finding that the plaintiff did not rely on the defendant’s skill or judgment. Warrants but does not require. See 1 and 5. (9) If the plaintiff examined the goods, there is no implied warranty as regards defects which such examination ought to have revealed. Denied inapplicable. See 1 and 5. (10) The evidence warrants a finding that the plaintiff examined the goods. Warrants but does not re *17 quire. Defect not discernible until meat was boned. (20) Where one dealer buys from another one, each having supposedly equal skill and knowledge, there is not any reliance by one upon the other and therefore no warranty will be presumed. Williston on Contracts, § 996, p. 2744. Granted as proposition of law. See 1. (21) Where inspection of goods is had and may be had at the time the bargain itself is made in the absence of guilty knowledge on the part of the seller, that inspection precludes the existence of an implied warranty regardless of whether the defect is latent. Williston on Contracts, % 998. Granted as proposition of law. I find on fact, however, that inspection of surface of meat could not reveal same was bad until boned out later at plaintiff’s store.
Requests numbered 1, 2, 8, 10, 20 and 21 were granted. The defendant cannot be said to be aggrieved by the granting of the rulings of law requested by him. Baker v. Davis, 299 Mass. 345, 348. The court in requests Nos. 1, 2, 8 and 10 ruled that there was sufficient evidence to warrant a finding of certain facts. The court’s decision did not result from any conviction that the evidence presented was insufficient as a matter of law to find for either the plaintiff or defendant, but from a consideration of all the evidence presented. Liberatore v. Framingham, 315 Mass. 538, 541, 542. The court’s findings of fact is conclusive if such facts can be found upon any reasonable view of the evidence with all the rational inferences of which it is susceptible. Dolham v. Peterson, 297 Mass. 479, 481; Dillon v. Framingham, 288 Mass. 511, 513. The court found that the plaintiff relied on the defendant. There is a natural inference to be drawn from the fact that the plaintiff asked the defendant, inasmuch as the loins looked aged and slimy to him, whether they were all right, and was informed that they were all right, and it was subsequent to this answer that the plaintiff made the purchase. The *18 statement that the loins were all right was an affirmation of fact and had a natural tendency to induce the buyer to purchase loins. Ireland v. Louis K. Liggett Co., 243 Mass. 243 at 246.
Although requests Nos. 20 and 21 were granted the defendant claims to be aggrieved because the disposition of these two rulings is inconsistent with the findings. Any such question is not properly presented by this report but should have been raised by a motion for a new trial. Duralith Corp. v. Leonard, 274 Mass. 397, 401; DiLorenzo v. Atlantic National Bank of Boston, 278 Mass. 321, 324; Korb v. Albany Carpet Cleaning Co., 301 Mass. 317, 318. Request No. 20 was granted as a proposition of law but was not applicable since the court found that the plaintiff relied upon the defendant’s selection. It is apparent that in granting request No. 20 the court read into the request the word “presumed” after the word “reliance.” Williston on Contracts, § 996, page 2744, cited by the defendant as authority for request No. 20 states that there is no presumption of reliance, which is different than saying there is no reliance. The court’s statements of his findings of fact in the disposition of request No. 21 does not appear to be pertinent as to the reason for the nonapplicability of request No. 21. This error is not prejudicial and does not give any rights to the defendant. The substantial rights of the defendant were not affected. An examination of the authority cited by the defendants, viz.: Williston on Contracts, § 998 is not pertinent to request No. 21 and does not support the proposition of law as stated in request No. 21.
Requests Nos. 3, 5, 7 and 9 were properly denied. They were based on facts contrary to those found by the court. There was evidence from which the court could have found rebanee as stated above and also a hidden defect. An *19 examination could not disclose the defect in the meat; there was nothing observed on the surface; the defect was not discernible until the meat was boned, when it was found to be green and dark inside. The defendant knew that the plaintiff was a dealer in meat and therefore knew by implication that the meat was to be sold by the plaintiff as food for human consumption. These requests Nos. 3, 5; 7 and 9 were therefore inapplicable. It is not error to refuse a ruling not applicable to the facts of the case as found by the court on evidence warranting the findings, even if the ruling requested is a correct statement of the legal principles. Hetherington & Sons v. William Firth Co., 210 Mass. 8, 18; Hooper v. Cuneo, 227 Mass. 37 at 40.
Request No. 4 was properly denied. To grant this request would be equivalent to ruling that as a matter of law the evidence required a finding for the defendant; that there was no evidence presented, which, even if believed, would entitle the plaintiff to a finding.
The evidence of the conversation between the plaintiff’s agent and the defendant’s agent at the time of the purchase of the loins and the defendant’s representation as to the condition of the loins presented questions of fact to be determined by the court. This evidence, if believed, entitled the plaintiff to a finding. Rummel v. Peters, 314 Mass. 504, 517; Hoffman v. Chelsea, 315 Mass. 54 at 56. G. L. (Ter. Ed.) c. 106, §17 (1), (3) provides that there is an implied warranty that when merchandise is purchased that the plaintiff relies on the seller’s judgment, even though he is not the grower, and he knows the particular purpose for which the goods are required, that the goods shall be reasonably fit for such purpose; that such an implied warranty exists even if the buyer has examined the goods, if the defect is hidden. Neither knowledge of unfitness nor negligence on the part of the seller is required in an action on an implied warranty of fitness. Williston *20 on Contracts, p. 2744, § 996; Jamrog v. H. L. Handy Co., 284 Mass. 195; Holt v. Mann, 294 Mass. 21, 24; Kurriss v. Conrad & Co., Inc., 312 Mass. 670 at 683. Moreover under section 17 (1) there necessarily does not need to be a total reliance, hut the buyer may rely on his own judgment as to some matters, and on the skill and judgment of the seller as to others. Kurriss v. Conrad & Co., Inc., supra, at 681. Under the Sales Act, G. L. (Ter. Ed.), c. 106, cited above, when one dealer buys from another, each having equal skill and knowledge, there is no presumption of reliance; and therefore no implied warranty will be presumed; but if in a particular case there is evidence that the buyer did rely on the seller’s skill and judgment, and there is also evidence that the seller knew the particular purpose for which the goods are required, then an implied warranty does exist. Williston on Contracts, Rev. Ed., § 996, note 6, p. 2744, § 987, p. 2718.
In this case the evidence warranted a finding that the plaintiff was purchasing the loins for the purpose of selling them as food; and that the plaintiff relied on the defendant’s statement that the loins “were all right — were perfect.” This statement would support a finding of an implied warranty. The evidence here warranted a finding of an expressed warranty of fitness as well as an implied warranty. Jamrog v. H. L. Handy Co., supra. An expressed warranty or condition does not negative a warranty of condition implied under chapter 106 unless inconsistent therewith. G. L. (Ter. Ed.), c. 106, §17, cl. 6; Ireland v. Louis K. Liggett Co., 243 Mass. 243 at 246; Idzykowski v. Jordan Marsh Co., 279 Mass. 163,167; Flynn v. Bedell Co. of Mass., 242 Mass. 450 at 452.
The defendant contends that count No. 1 of the plaintiff’s declaration on which count the finding for the plaintiff was made does not set out a cause of action and that therefore the plaintiff cannot prevail. There is nothing to *21 indicate that the defendant raised a question of pleading at the time of the trial, nor is any such question reported specifically. There was sufficient evidence presented to make out a cause of action and if this matter had been presented to the trial justice at the proper time the court could have allowed an amendment to the pleadings so that they might conform to the evidence presented. It is too late now to raise this question. Weiner v. D. A. Schulte, Inc., 275 Mass. 379, 385; Earle C. Dodds, Inc. v. Boston Casualty Co., 308 Mass. 124, 127. The proper form and method of taking advantage of the insufficiency of the declaration as not stating a valid cause of action could also have been done by demurrer. Thomson v. O’Sullivan, 6 Allen 303. Report dismissed.

 The trial court’s ruling and findings on each of the Defendant’s Requests for Rulings are printed in italics following the request.