**WHITING CORPORATION, Plaintiff, Appellant,**

v.

**PROCESS ENGINEERING, INC., Defendant, Appellee.**

**No. 5516.**

United States Court of Appeals First Circuit.

Jan. 20, 1960.

Alfred Sigel, Boston, Mass., with whom Clarence P. Kudisch, Boston, Mass., was on the brief, for appellant.

Robert I. Ectman, Boston, Mass., with whom Norman I. Hassman and Nathanson & Rudofsky, Boston, Mass., were on the brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

HARTIGAN, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the District of Massachusetts dismissing plaintiff-appellant's complaint.

The facts may be summarized as follows: Plaintiff-appellant, an Illinois corporation, sued defendant-appellee for $25,292.00 damages for breach of warranty. The plaintiff's purchase order to the defendant for certain rectangular expansion joints to be designed and manufactured by defendant contained the following provision: "These expansion joints are to be designed and guaranteed to take up both the axial and lateral deflections existing between the respective vessels connected by the expansion joints without imposing an axial force on the ductwork exceeding 2000# or a lateral force exceeding (to be specified later). The physical layout of the equipment and the temperatures involved will be as indicated on the marked prints of Swenson Drg. U29116 Issue I and U29117 Issue 1." Defendant designed and manufactured these expansion joints which were shipped to Davison Chemical Corp., at Lake Charles, Louisiana for which plaintiff was building and installing three spray dryers. After several months of operating the spray dryers, Davison Chemical Corp. reported to plaintiff on June 9, 1953 that one of the joints had developed a leak. By letter of October 6, 1953 plaintiff notified defend-

ant of the leakage in the joints. Plaintiff subsequently designed and installed new joints. There were various examinations, reports and correspondence by the parties but no agreement was reached as to the responsibility for the failure of the joints, and this suit was brought.

The case was tried before the district court sitting without a jury. The district court found that the design of the joints was the responsibility of the defendant; that the joints had failed under the conditions under which they were actually operated; that the evidence tended to support one or another of two suggested causes of the failure, (1) lack of sufficient structural strength to withstand the strain of normal operations, or (2) unexpected and abnormal strain because of pulsating pressure; that if the latter were the cause of failure, defendant would not be liable; and that plaintiff had the burden of proof of the cause of the failure of the joints, but had not sustained that burden.

Appellant contends (1) that the district court erred in ruling that defendant would not be liable if the cause of the failure of the expansion joints was the unexpected and abnormal strain of pulsating pressure, (2) that there is an implied warranty of fitness for plaintiff's purpose under Mass.Gen.Laws, ch. 106, § 17(1) (Ter.Ed.1932)[1] since plaintiff informed defendant of the purpose of the joints and relied on defendant as an expert in the design and manufacture of expansion joints, (3) that the district court erred in placing on plaintiff the burden of proof of the cause of the failure of the expansion joints and (4) that the notice of breach was given within a reasonable time. Appellee contends (1) that there is no implied warranty in this case since there was an express warranty relating to the same subject matter, (2) that the notice of the alleged breach was not timely, and (3) that otherwise the rulings and conclusions of the district court are correct. The parties agree that Massachusetts law on warranties applies here.

■ We believe that the ruling of the district court that defendant would not be liable if the cause of the failure was pulsating pressure is correct in regard to the express warranty given by the defendant. There is no guarantee to withstand pulsating pressure in the express warranty set forth in the order which was accepted by defendant. The district court did not make a finding that the joints were expressly warranted to withstand a maximum pressure equal to 15 inches of water. However, both appellant and appellee in their briefs regard the maximum pressure specification, which was set forth apparently subsequent to the order, as a warranty that the joints would withstand pressure equal to 15 inches of water. Even when viewed as part of the warranty, however, we believe that the correct interpretation of the pressure warranty does not cover pulsating pressure. The uncontradicted testimony of plaintiff's witnesses was that plaintiff did not anticipate pulsating pressure. Neither did defendant. "Every instrument in writing, although it cannot be varied or controlled by extrinsic evidence, must be interpreted with a view to all the material circumstances of the parties at the time of its execution, in the light of the pertinent facts within the knowledge of those who signed it * * *." Eustace v. Dickey, 1921, 240 Mass. 55, 72, 132 N.E. 852, 857. Therefore, we do not believe the term "pressure" should be interpreted to include pulsating pressure that neither party had reason to anticipate.

The district court uses language which might indicate that it found that an implied warranty of fitness for purpose existed in addition to the express warranty given. The court stated in its opinion: "Plaintiff has not shown by the greater weight of the evidence that the failure of the expansion joints was due to a deficiency in the designing or construction of these joints by which they failed to meet the guarantees given by defendant *or were unsuitable for the use for which*

1. Now M.G.L.A. c. 106 § 2–315.

*defendant knew they were intended under conditions of operation which defendant knew or should have foreseen."* (emphasis added) Appellee contends, however, that since the express warranty relates to the same subject matter as would the implied warranty of fitness, i. e. operational efficiency in the use plaintiff disclosed to defendant, there is no implied warranty of fitness.

■ The statutory provision which relates to this question is Mass.Gen.Laws former ch. 106 § 17(6) (Ter.Ed.1932). It stated: "An express warranty or condition does not negative a warranty or condition implied under this chapter unless inconsistent therewith."* The question then is whether, under the Massachusetts law, the express warranty is inconsistent with the implied warranty that would be imposed by law in the absence of the express warranty. Where the express warranty and the implied warranty amount to the same guarantee then both may exist in the transaction. Jamrog v. H. L. Handy Co., 1933, 284 Mass. 195, 187 N.E. 540; Idzykowski v. Jordan Marsh Co., 1932, 279 Mass. 163, 181 N.E. 172. However, where the express warranty relates only to one quality, e. g. pure, then the Massachusetts law looks to whether the quality guaranteed is "wholly to the same effect" as the implied warranty. Ireland v. Louis K. Liggett Co., 1922, 243 Mass. 243, 137 N.E. 371. In that case the court stated that as to a cold cream which was guaranteed to be "pure", the law would still impose an implied warranty of reasonable fitness for the purpose for which it was bought. The court said: "An article may be reasonably fit for use and not pure." Id., 243 Mass. at page 246, 137 N.E. at page 372.

In American Historical Soc., Inc. v. Storer, 1919, 232 Mass. 372, 122 N.E. 392 there was an express warranty that a book would be entitled "Memorial Encyclopedia of the State of Massachusetts" and to have a "special de luxe binding lettered in gold." The court held that no implied warranty of fitness of the book in other respects was to be implied, and stated that "where there is an express warranty in a written contract of sale, an implied warranty inconsistent with it is necessarily excluded." Id., 232 Mass. at page 379, 122 N.E. at page 393.

■■ The appellant has cited Bird & Son v. Guarantee Const. Co., 1 Cir., 1924, 295 F. 451, a case in which this court had the Massachusetts statute before it. In that case we held that an express warranty having "to do with matters of 'design, workmanship, and material * * * and the handling capacities stated;' not with the suitability of the pneumatic system for the use of Bird & Son, Inc.—that is, its functional efficiency" did not negative the implied warranty of fitness for the particular purpose revealed by the buyer. Id. at page 456. Bird & Son recognizes, however, that an express warranty which relates to one of the qualities of a machine or article would exclude implied warranties of other qualities of the article of a similar nature. It is not necessary for us to decide where this case falls. An implied warranty of fitness does not extend beyond operating conditions that the seller knew of, or should reasonably have anticipated. Mass.Gen.Laws former ch. 106 § 17(1); Standard Rice Co. v. P. R. Warren Co., 1928, 262 Mass. 261, 159 N.E. 508. As already pointed out, the defendant had no reason to expect pulsating pressures. Hence they would not be within any implied warranty of fitness.

■■ The question of the correctness of the district court's ruling that the plaintiff had the burden of proving the cause of the failure of the expansion joints remains. The Massachusetts cases which relate to this question uniformly hold that the party asserting the breach of warranty must show that the cause of the failure or injury was one for which the warrantor was liable under the warranty. See Miller v. W. T. Grant Co.,

---

* This now reads, "Express warranties displace inconsistent implied warranties other than an implied warranty of fitness

for a particular purpose." Mass.G.L. ch. 106, § 2–317(c).

**746**

1939, 302 Mass. 429, 19 N.E.2d 704; Johnson v. Kanavos, 1937, 296 Mass. 373, 6 N.E.2d 434; Monahan v. Economy Grocery Stores Corporation, 1933, 282 Mass. 548, 185 N.E. 34; H. H. Franklin Mfg. Co. v. Lamson & Goodnow Mfg. Co., 1905, 189 Mass. 344, 75 N.E. 624. See also Longo v. Touraine Stores, Inc., 1946, 319 Mass. 727, 66 N.E.2d 792; Payne v. R. H. White Co., 1943, 314 Mass. 63, 49 N.E.2d 425; Kurriss v. Conrad & Co., 1942, 312 Mass. 670, 46 N.E.2d 12; Parker v. S. G. Shaghalian & Co., 1923, 244 Mass. 19, 138 N.E. 236. The district court was correct in its ruling on this point.

Judgment will be entered affirming the judgment of the district court.