ANNA M. RINALDI, Respondent, *v.* THE MOHICAN COM-
PANY, Appellant.

Food — implied warranty as to wholesomeness — action may
be maintained for breach — when such implied warranty
exists — when inaccurate charge harmless.

1. Under section 96 of the Personal Property Law (Cons. Laws,
ch. 41) there is no implied warranty of fitness in a sale of food unless
the buyer expressly or by implication acquaints the seller with the
purpose of the purchase and it appears that the buyer relies on the
seller's skill or judgment. This section applies to all sales, including
sales of food, and any rules hitherto applied inconsistent with it are
abolished. If, however, the buyer has examined the goods there is no
warranty as to defects which he should have discovered. The burden
of showing that he has made known his purpose and that he has
relied upon the seller is on him who claims the existence of the implied
warranty.

2. The mere purchase by a customer from a retail dealer in foods,
however, of an article ordinarily used for human consumption, by
implication, makes known to the vendor the purpose for which the
article is required and, where the buyer may assume that the seller
has the opportunity to examine the article sold, such a purchase,
unexplained, is conclusive evidence of reliance on the seller's skill
and judgment.

3. In an action, therefore, to recover damages for sickness caused
by eating unwholesome meat purchased by plaintiff from defendant,
where all that appears is the ordinary transaction between dealer and
customer, a charge to the jury that on every sale of food by a dealer
for immediate human consumption there is an implied warranty of its
wholesomeness, while inaccurate, is harmless, since if it does not
appear that the buyer has examined the goods or, having examined
them, has failed to discover defects which he should have found, such
an implied warranty exists.

*Rinaldi* v. *Mohican Co.,* 171 App. Div. 814, affirmed.

(Argued November 21, 1918; decided December 10, 1918.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the third judicial department,
entered March 8, 1916, affirming a judgment in favor
of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. B. McKelvey* and *William H. Foster* for appellant. The doctrine of implied warranty in the sale of food products has never been applied in this state to facts like those presented in the case at bar. (*State* v. *Sturgis,* 222 U. S. 315; *Van Bracklin* v. *Fonda,* 12 Johns. 467; *Wright* v. *Hart,* 18 Wend. 449; *Divine* v. *McCormick,* 50 Barb. 116; *Burch* v. *Spencer,* 15 Hun, 504; *Moses* v. *Mead,* 1 Denio, 378; *Julien* v. *Laubenberger,* 16 Misc. Rep. 646; *Goldrich* v. *Ryan,* 1 E. D. Smith, 324; *Cotton* v. *Reid,* 25 Misc. Rep. 380; *Money* v. *Fisher,* 92 Hun, 340.)

*Charles G. Fryer* for respondent. A retail dealer in meats and provisions impliedly warrants the soundness and wholesomeness of meats or provisions sold for domestic use and immediate consumption as human food and is liable for damages if they prove unwholesome whether he was aware of their condition or not. (*Race* v. *Krum,* 222 N. Y. 410; *Leahy* v. *Essex Co.,* 164 App. Div. 903; *Zelkel* v. *Oneida C. C. Co.,* 104 Misc. Rep. 251; *Van Bracklin* v. *Fonda,* 12 Johns. 468; *Rothmiller* v. *Stein,* 143 N. Y. 581; *Fairbanks Canning Co.* v. *Metzger,* 118 N. Y. 260; *Hart* v. *Wright,* 17 Wend. 267; *Divine* v. *McCormick,* 50 Barb. 116; *Kinch* v. *Haynes,* 58 Misc. Rep. 499; *Miller* v. *Scherder,* 2 N. Y. 262; *Swain* v. *Schiffelin,* 134 N. Y. 471; *Davis Prov. Co.* v. *Fowler Bros.,* 20 App. Div. 626; 163 N. Y. 580.)

ANDREWS, J. We have held as to a sale of food for immediate consumption made before September 1st, 1911, by a dealer who makes or prepares the articles sold that there is an implied warranty of wholesomeness. (*Race* v. *Krum,* 222 N. Y. 410.) That is as far as any decision

of ours has gone. In *Maxwell* v. *Marsh* (173 App. Div. 1003; affirmed, without opinion, 225 N. Y. ——), where tainted meat was sold in 1913, a charge to the jury that such a warranty was to be implied was made without objection. It became, therefore, the law for that case. Yet in *Race* v. *Krum,* in an opinion in which all the members of the court concurred, there was a full discussion of the rule in this state and the conclusion was reached deliberately " that accompanying all sales by a retail dealer of articles of food for immediate use there is an implied warranty that the same is fit for human consumption." This was an exception to the general rule regarding the sale of other chattels based on grounds of public policy. The opinion, however, expressly refused to consider whether such a warranty existed in the case of hotel proprietors or those engaged in a similar business.

On September 1st, 1911, section 96 of the Personal Property Law (Cons. Laws, ch. 41) took effect. It provided that there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods sold except, among other cases, " where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not)." If, however, the buyer has examined the goods there is no implied warranty as regards defects which such an examination should have revealed.

Article 5 of the Personal Property Law is not merely a codification of the existing rules regarding sales in this state. It was the design as far as possible to make our law uniform with the legislation and laws on this subject existing throughout the country. To this end changes were made in what had previously been here the law. In section 96 itself, for instance, the distinction between

the liability of sellers who were growers and manufacturers and others was ended. A warranty may now be established by proof of the usage of trade. Although an express warranty of quality is given, one not inconsistent with it may also be implied. Having in view the purpose of the article and the fact that in some states no implied warranty based on grounds other than those which affect every sale of a chattel was enforced, we have no doubt that section 96, expressed as it is in general terms, applies to all sales, including sales of food, and that any rules hitherto applied inconsistent with this section are abolished.

In a sale of food, therefore, there is no longer an implied warranty of fitness unless the buyer expressly or by implication acquaints the seller with the purpose of the purchase and unless it appears that the buyer relies on the seller's skill or judgment. Even then if the buyer has examined the goods and should have discovered the defect there is no warranty. The burden of showing that he has made known his purpose and that he has relied upon the seller is on him who claims the existence of an implied warranty. If either of these two facts do not appear he fails in his claim. Whether they exist or not may often become a question of fact to be solved by the jury. But often also, where the facts are undisputed, and no differing inferences may be drawn from them, the question becomes one of law for the court; and we have to determine just what and how much evidence is necessary to show conclusively the existence of these essential elements.

We think that the mere purchase by a customer from a retail dealer in foods of an article ordinarily used for human consumption does by implication make known to the vendor the purpose for which the article is required. Such a transaction standing by itself permits no contrary inferences. In this we agree with the courts

of Massachusetts. (*Farrell* v. *Manhattan Market Company*, 198 Mass. 271–279.) But we think further that such a purchase, where the buyer may assume that the seller has the opportunity to examine the article sold, unexplained, is also conclusive evidence of reliance on the seller's skill or judgment. We here limit the rule. We do not pass upon the question as to whether it applies to a sale in the original package bought by the vendor from others. In such circumstances it is possible that the inference of reliance would not be properly deduced from the purchase alone. But on the other hand we do not lay stress on the question as to whether the particular article was selected by the buyer or by the seller. That may or may not be important. If the buyer selects one chicken from twenty offered him, exercising his judgment as to its wholesomeness, clearly he does not, or at least may not rely upon the dealer's skill. But where the buyer selects one of the twenty for some reason unconnected with its fitness for food and exercising and having no judgment on that question — makes the selection because the color is pleasing or the weight suitable, then he is relying upon the dealer no less than when the selection is made by the latter. He assumes that the dealer knows and has the means of knowing that all are fit for food. It is a matter about which ordinarily the purchaser knows and can know nothing.

Therefore, in case of a purchase of unwholesome meat from a market after section 96 went into effect, where all that appears is the ordinary transaction between dealer and customer, a charge to the jury that on every sale of food by a dealer for immediate human consumption there is an implied warranty of its wholesomeness, while inaccurate is harmless. If it does not appear that the buyer has examined the goods or, having examined them, has failed to discover defects

which he should have found, precisely such an implied warranty exists as the court said existed in all cases whenever a dealer sold food.

Such is the case before us. On December 16th, 1915, the plaintiff bought a loin of pork at a market owned by the defendant. The meat was infested with trichinæ. She cooked and ate it and was made ill. The action was brought to recover for the resulting damages. It was not tried on any theory of negligence or fraud but upon that of implied warranty. The jury found a verdict for the plaintiff and the judgment has been affirmed in the Appellate Division. The plaintiff found no defect in the meat. The court submitted to the jury the question as to whether she could have found such a defect if she had used reasonable care. And finally the defendant insists strenuously that no such defect could have been discovered.

There is no question but what such an action for damages caused by the breach of the implied warranty with regard to food may be maintained, at least by him to whom the warranty is made. Whether in favor of others we do not determine. (*Gearing* v. *Berkson,* 111 N. E. Rep. 785.)

The judgment of the Appellate Division should be affirmed, with costs.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, CARDOZO, POUND and CRANE, JJ., concur.

Judgment affirmed.