ARTHUR H. CANAVAN, Plaintiff, *v.* THE CITY OF MECHANICVILLE, Defendant.

(Supreme Court, Saratoga Trial Term, September, 1919.)

Pleading — complaint — implied warranty — damages — municipal corporations.

Where a city undertakes to maintain a water system and to supply, at a fixed compensation, water to private consumers for drinking and domestic uses, a complaint in an action for damages by one who contracted typhoid fever from germs in the water supplied by the city to premises rented by him, based upon the theory of the breach of an implied warranty on the part of the city to furnish wholesome water, is good.

DEMURRER to complaint.

Butler, Kilmer & Corbin, for plaintiff.

Edward C. McGinity, city attorney, for defendant.

WHITMYER, J.   In March, 1918, while he was living in a house at No. 614 Chestnut street, Mechanicville, N. Y., as a tenant paying rent, plaintiff became and was sick with typhoid fever.   He claims that his sickness was caused by germs in the water which he drank and which defendant furnished and supplied to the house for drinking and domestic uses, and he has brought this action to recover damages.   In his complaint he sets up two causes of action, one for alleged negligence, the other for breach of warranty.   Defendant has demurred to the latter, claiming that the complaint, so far as it relates to same, does not state facts sufficient to constitute a cause of action.   The complaint does not specify the kind of warranty, but it has been stipulated that plaintiff is relying upon implied warranty.   The cause of action demurred to is based upon the theory that defendant, having availed itself of its right under its charter to construct and maintain a municipal water works system for supplying water to its inhabitants on payment of compensation fixed by it and having supplied water by means of same, impliedly warranted that the water so supplied was fit and wholesome.   The cases are to this effect.   *Milnes* v. *Mayor of Huddersfield,* L. R. 10 Q. B. Div. 124; *Danaher* v. *City of Brooklyn,* 51 Hun, 563, 572; affd., 119 N. Y. 241, 250; *Oakes Mfg. Co.* v. *City of New York,* 206 id. 221, 228.   The *Milnes* case related to water supplied by a city for the use of which it derived a revenue as a private enterprise.   In his opinion in the case, Lord Ch. J. Coleridge says: " Inasmuch as they were bound to supply him a wholesome article, and the whole carriage of the article from the reservoir to his house was through what belonged to and was under the domination of the corporation, the corporation would be liable."   In the *Danaher* case,

reported in Hun, the court said: "This approximates a representation like that which is impliedly made by every offer of food for consumption. Undoubtedly where a city supplies water for domestic use and receives pay, it is bound to furnish wholesome water and is liable if it does not." And the Court of Appeals said in that case: "This water was not furnished for a compensation paid for its use, and so there was no contract relation between the city and those who used it. The well was for public gratuitous use and hence nothing that was said or intimated in *Milnes* v. *Mayor of Huddersfield,* L. R. 10 Q. B. Div. 124; 12 id. 443, has any pertinency here." In *Oakes Mfg. Co.* v. *City of New York,* the court said: "But in the present case, when in accordance with the powers conferred on it, the city undertook to maintain a municipal water system and to supply water to private consumers at a fixed compensation, it was not acting in such capacity as above stated. It entered on an enterprise which involved the ordinary incidents of a business wherein was sold that which people desired to buy and which might become a source of profit, and under these circumstances it became liable for breach of contract or for negligence as the proprietor of a private business might become." It is true that the cases cited were actions for negligence, but they show that there is an implied warranty under the circumstances, which we are considering. Another question may arise. The complaint alleges that plaintiff was a tenant of the premises paying rent and it may be claimed that the landlord paid for the water and that there was no implied warranty of same as to plaintiff. That raises what seems to be an open question in this state. *Gearing* v. *Berkson,* 223 Mass. 257; *Rinaldi* v. *Mohican Co.,* 225 N. Y. 70, 75. The cases cited relate to sales of food. In the *Gearing* case the

court says that the warranty " does not run with the goods." In the *Rinaldi* case the Court of Appeals left the question undetermined. But it is not necessary to determine now whether the warranty here ran with the water, because the complaint alleges, further, that the water was furnished " to the aforesaid premises rented and occupied by the plaintiff and his family and household * * * for a compensation paid therefor." It does not name the person who paid, and evidence that plaintiff was the one will be admissible thereunder. The payments were for the consumption of water, and it is possible that he was obligated therefor. The complaint is sufficient and the demurrer is overruled, with the usual leave to amend and with costs to plaintiff.

Interlocutory judgment accordingly.