PATRICK RYAN, Respondent, v. PROGRESSIVE GROCERY STORES, INC., Appellant.

(Argued January 9, 1931; decided February 10, 1931.)

*Walter L. Glenney* for appellant. The loaf of bread, being specifically asked for as Ward's bread, and contained in its original sealed wrapper, was not warranted by the defendant other than as being Ward's bread. (*Rinaldi* v. *Mohican Co.*, 225 N. Y. 70; *Canavan* v. *City of Mechanicville*, 229 N. Y. 473; *Aronowitz* v. *Woolworth Co.*, 134 Misc. Rep. 272; *Julian* v. *Laubenberger*, 16 Misc. Rep. 646; *Barrington* v. *Hotel Astor*, 184 App. Div. 317; *Bigelow* v. *Maine Central R. R. Co.*, 110 Me. 105; *Trafton* v. *Davis*, 110 Me. 318.)

*William L. Rumsey* for respondent. Retailers are liable on an implied warranty on the sale of food although

goods are in the original package bought from the manufacturer. (*Rinaldi* v. *Mohican Co.*, 225 N. Y. 70; *Race* v. *Krum*, 222 N. Y. 410; *Jackson* v. *Watson*, [1909] 2 K. B. 193; *Chapman* v. *Ruggenkamp*, 182 Ill. App. 117; *Sloan* v. *Woolworth Co.*, 193 Ill. App. 620; *Farrell* v. *Manhattan Mkt.*, 198 Mass. 271; *Ward* v. *Great Atlantic & P. Tea Co.*, 231 Mass. 90; *Lieberman* v. *Sheffield Farms*, 117 Misc. Rep. 531; *Vaccano* v. *Prudential Cond. Milk Co.*, 133 Misc. Rep. 556; *Meyer* v. *Kirschbaum*, 133 Misc. Rep. 330; *Cohen* v. *Dugan Bros.*, 132 Misc. Rep. 896; *Foley* v. *Liggett & Myers Tobacco Co.*, 136 Misc. Rep. 468; Pers. Prop. Law, § 96, subd. 2; Williston on Sales, § 235.)

CARDOZO, Ch. J.  The action is for breach of warranty. Plaintiff through his wife, who acted as his agent, bought a loaf of bread at the defendant's grocery. The loaf had concealed in it a pin, which hurt the plaintiff's mouth. There has been a judgment for the damage. ▮ " Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose " (Pers. Prop. Law; Cons. Laws, ch. 41, § 96, subd. 1).

The plaintiff did not rely on the seller's skill or judgment. His wife stated to the salesman that she wished to have a loaf of " Ward's bread." The salesman gave her what she asked for, wrapped in a sealed package as it had come from the Ward Baking Company, the baker. She made her own choice, and used her own judgment.

The leading case in this State as to the meaning of the statute quoted is *Rinaldi* v. *Mohican Co.* (225 N. Y. 70). The sale was one of pork, which turned out to be diseased. We held that reliance on the seller's skill and judgment might be gathered from the purchase

as a reasonable inference. We left the question open whether a like inference would be drawn upon a sale in the original package as bought by the vendor from others.

Since *Rinaldi* v. *Mohican Co.*, the scope of the implied warranty upon a sale of food in sealed containers has been discussed in other courts. There are decisions to the effect that even in such circumstances an implied warranty ensues if the seller's judgment has been trusted for the selection of the brand or make (*Ward* v. *Great Atlantic & Pacific Tea Co.*, 231 Mass. 90; *Ireland* v. *Liggett Co.*, 243 Mass. 243; *Lieberman* v. *Sheffield Farms*, (App. Term) 117 Misc. Rep. 531; Williston, Sales, vol. 1, §§ 242, 242-a). We assume for present purposes that so the rule should be declared. Invariably, however, the limitation has been added that there can be no inference of reliance where the buyer selects the brand and gets what he selects. The customer will be taken to confide in " the skill and experience of the seller in determining the kind of canned goods which he will purchase, unless he demands goods of a definite brand or trade name " (*Ward* v. *Great Atlantic & Pacific Tea Co.*, *supra*). The statute is then explicit. " In the case of   *   *   *   a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose " (Pers. Prop. Law, § 96, subd. 4). There is no room for a holding that choice shall be imputed to the seller when the transaction shows upon its face that the judgment of the seller was superseded, and choice determined by the buyer.

The award of damages, if it is to be upheld, must rest upon some other basis than the imputation of reliance. ■ " Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be of merchantable quality " (Pers. Prop. Law, § 96, subd. 2).

The facts excluding a warranty under subdivision 1, we are to inquire whether there is a warranty under subdivision 2.

Under the common-law rule long in force in this State, the warranty of merchantable quality was limited to sales by a manufacturer or grower (*Hargous* v. *Stone*, 5 N. Y. 73; *Hoe* v. *Sanborn*, 21 N. Y. 552; *Bartlett* v. *Hoppock*, 34 N. Y. 118; *Carleton* v. *Lombard, Ayres Co.*, 149 N. Y. 137; *Bierman* v. *City Mills Co.*, 151 N. Y. 482; *Howard Iron Works* v. *Buffalo Elevating Co.*, 113 App. Div. 562; 188 N. Y. 619; Williston, Sales, vol. 1, §§ 232, 233). All this has been changed since the coming of the Sales Law (Williston, *supra*). Dealer as well as manufacturer or grower affirms as to anything he sells, if purchased by description, that it is of merchantable quality. The burden may be heavy. It is one of the hazards of the business.

Most of the sales of defective food stuffs have been dealt with by the courts as if subdivision 1 of the section defining warranties gave the exclusive rule to be applied. In some instances the goods were not purchased by description. In others, the courts may have been unmindful of the fact that the warranty of merchantable quality is no longer confined to manufacturers or growers. Innovations of this order are slow to make their way. Gradually, however, as the statute has become better known, the bearing of subdivision 2 upon sales of food in sealed containers has been perceived by court and counsel. The nature of the transaction must determine in each instance the rule to be applied. There are times when a warranty of fitness has no relation to a warranty of merchantable quality. This is so, for example, when machinery competently wrought is still inadequate for the use to which the buyer has given notice that it is likely to be applied. There are times on the other hand when the warranties co-exist, in which event a recovery may be founded upon either. " Fitness for a particular

purpose may be merely the equivalent of merchant-ability" (Williston, Sales, vol. 1, § 235, and cases there cited).

A dual warranty is thus possible for food stuffs as for anything else. Both in this court and in others the possibility is recognized. *Aron & Co.* v. *Sills* (240 N. Y. 588) was an action for breach of warranty by retailer against wholesaler upon a sale of condensed milk. At the Appellate Division, the warranty was treated as governed by subdivision 1. When the case came to us, we put that subdivision aside, holding that there was no necessity of deciding whether there was sufficient evidence of reliance, and placed our affirmance of the judgment upon subdivision 2. "Whether under the circumstances of this particular case any inference is possible that the buyer relied upon the seller's skill or judgment we need not decide. For even were the trial court in error as to the existence of an implied warranty that the goods in question were fit for human con-sumption, bought as they were by description from one who dealt in them, there was a warranty that they were of merchantable quality. If condensed milk is unfit for consumption, clearly it does not comply with this war-ranty" (240 N. Y. 588).

A like rule has been declared in Massachusetts and in the Federal courts, at all events in controversies between the dealer and the maker (*Inter-state Grocer Co.* v. *Bentley Co.*, 214 Mass. 227 [sale of sardines]; *Parker* v. *Shaghalian & Co.*, 244 Mass. 19 [sale of candy]; *McNeil & Higgins Co.* v. *Czarnikow-Rienda Co.*, 274 Fed. Rep. 397 [sale of sugar]).

"Where the buyer specifies what he wants, he can, of course, not rely upon any superior knowledge of the seller that it will serve its purposes. If he did, he must give the seller some latitude of selection. But he may still insist that it must be of a quality which will pass in the market under that description, and he may rightly

rely upon the seller to secure him such a quality " (L. HAND, J., in *McNeil & Higgins Co.* v. *Czarnikow-Rienda Co., supra).*

The result has not been different in cases where the consumer rather than another dealer has been the victim of the wrong.

Thus, in *Wren* v. *Holt* ([1903] 1 K. B. 610) the plaintiff was made ill through the presence of arsenic in beer, which he had bought from the defendant, who was not the manufacturer. In buying the beer, he asked for the product of a particular firm of brewers. A recovery was upheld for breach of an implied warranty of merchantable quality as upon a purchase by description, and this though there had been no reliance on the skill and judgment of the seller. Again, in *Morelli* v. *Fitch* ([1928] 2 K. B. 636) there was a recovery for breach of a like warranty upon a sale of a bottle of ginger ale by the keeper of a public house. The customer had asked for ale of a particular make, trusting to his own judgment rather than to the experience of the seller. Even so, the warranty of merchantable quality was held to be a sufficient basis for the recovery of damages.

Loaves baked with pins in them are not of merchantable quality. The dealer is thus charged with liability though the buyer selects the brand, just as he would be liable for concealed defects upon a sale of wool or silk. Assume that the sale had been made by a manufacturer or a grower, and that there had been a request for a special brand. There would then be no warranty of fitness for any " particular " purpose. Would any one dispute, however, that a defect of this order, destroying value altogether, would be covered by the warranty of merchantable quality? The question carries its own answer. The rule is different, to be sure, upon a sale of specific goods, not purchased by description (*Hight* v. *Bacon*, 126 Mass. 10). It may even be different, though the purchase is by description, if the goods are subject

to inspection and the defects are of such a nature that inspection will reveal them (Williston, Sales, § 234; Pers. Prop. Law, § 96, subd. 3). Here the sale was by description, the defect was wholly latent, and inspection was impossible. In such circumstances, the law casts the burden on the seller, who may vouch in the manufacturer, if the latter was to blame. The loss in its final incidence will be borne where it is placed by the initial wrong.

The argument is made that the only damage to be recovered for the breach of the warranty of merchantable quality is the price of the bread, the difference between the value of a good loaf and a bad one. The rule is not so stubborn. Undoubtedly, the difference in value supplies the ordinary measure (Pers. Prop. Law, § 150, subds. 6 and 7; § 151). The measure is more liberal where special circumstances are present with proof of special damage (§ 150, subd. 7; § 151). Here the dealer had notice from the nature of the transaction that the bread was to be eaten. Knowledge that it was to be eaten was knowledge that the damage would be greater than the price (Williston, Sales, vol. 2, §§ 614, 614-a; *Swain* v. *Schieffelin*, 134 N. Y. 471; *Dushane* v. *Benedict*, 120 U. S. 630; *Gearing* v. *Berkson*, 223 Mass. 257; *French* v. *Vining*, 102 Mass. 132; *Birdsinger* v. *McCormick Harvesting Machine Co.*, 183 N. Y. 487, 492; American Law Institute, Restatement of Law of Contracts, § 321). For damages thus foreseen, the buyer has his remedy, whether the warranty is one of fitness or of merchantable quality (Williston, *supra; Wren* v. *Holt, supra; Morelli* v. *Fitch, supra; Swain* v. *Schieffelin, supra*).

■ There is no variance between proof and pleading sufficient to destroy the judgment.

The facts proved without objection make out a breach of warranty under subdivision 2. In such circumstances the plaintiff ought not to lose the benefit of his judgment because he fancied that he had brought himself within subdivision 1. " The seller may not complain if the jury

is told that a warranty exists more limited in its scope than in truth is the fact " (*Aron & Co.* v. *Sills, supra; cf. Abounader* v. *Strohmeyer & Arpe Co.*, 243 N. Y. 458). The facts being conceded, the court applies the law.

The conclusion thus reached makes it unnecessary to consider whether there has been a breach of the Agriculture and Markets Law sustaining a recovery (Agriculture & Markets Law; Cons. Laws, ch. 69, §§ 198, 199; *Pine Grove Poultry Farm* v. *Newtown B.-P. Mfg. Co.*, 248 N. Y. 293; *Abounader* v. *Strohmeyer & Arpe Co., supra*).

The judgment should be affirmed with costs.

POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; KELLOGG, J., not sitting.

Judgment affirmed.