KELVINATOR SALES CORPORATION, Respondent, *v.* QUABBIN IMPROVEMENT CO., INC., Appellant.

First Department, December 18, 1931.

*Milton Pollack* of counsel [*Samuel Rubin* with him on the brief; *Milton Pollack*, attorney], for the appellant.

*Richard H. McIntyre* of counsel [*McIntyre & Van Steenbergh*, attorneys], for the respondent.

SHERMAN, J. The complaint contains seven causes of action upon seven separate written contracts, under which a quantity of Kelvinators were sold and delivered to defendant, and plaintiff seeks recovery of the balance due upon the purchase price. During the trial they were referred to as " iceboxes," being a familiar type of ice-making and food-preserving refrigerator.

Separate defenses and counterclaims are pleaded in the answer setting forth " That the plaintiff warranted to defendant that the said refrigeration equipment was free from defects and would function properly, and that the tenants of said premises 77 Linden Boulevard, in the Borough of Brooklyn, City of New York, could safely use said refrigeration equipment, and that the said refrigerators would keep food placed therein in an iced condition fit for human consumption, and that the said refrigerators would be serviceable and would function properly."

None of the contracts contains an express guaranty, except that referred to in the second cause of action; but inasmuch as defendant does not assert that it can show that any specific appliance purchased thereunder was found defective, we need have no concern with its interpretation.

The defenses and counterclaims here arise with respect to certain

of the Kelvinators which were delivered under contracts including no express warranty whatsoever. These contracts of purchase call for Kelvinators and contain no descriptive word. They were installed in apartments leased to tenants, upon being delivered by plaintiff to the apartment house owned by defendant.

Defendant was denied the right to introduce, at trial, proof claimed to show that these refrigerators did not produce cold air sufficient to keep food in proper condition, were excessively noisy in operation, disturbed the repose of tenants, and were unmerchantable and not fit for the purpose for which they were intended.

The contracts being devoid of any express warranty, the question is whether the rejected proof was admissible to show a breach of any implied warranty.

Respondent asserts that the proof was properly excluded, since this was a sale of a specified article under its trade name and was governed by section 96, subdivision 4, of the Personal Property Law: " In the case of a contract to sell or a sale of a specified article under its patent or other trade name, there is no implied warranty as to its fitness for any particular purpose." While there is no direct evidence that the seller was advised of the specific purpose for which these refrigerators were purchased, from their delivery in quantity to defendant's apartment house it must be inferred that plaintiff knew they were to be installed in apartments to be used by tenants dwelling there as receptacles to hold and preserve food. This was their obvious use.

Although these articles were sold under a trade name, subdivision 4 does not necessarily exclude from application the remaining subdivisions of section 96. (*Ryan* v. *Progressive Grocery Stores*, 255 N. Y. 388; *Bencoe Exporting & Imp. Co., Inc.*, v. *McGraw T. & R. Co.*, 212 App. Div. 136.)

We hold that under subdivision 2 of section 96 of the Personal Property Law there arose an implied warranty that this merchandise was " of merchantable quality."

The term " merchantable," while frequently used as synonymous with " salable," may be given a broader connotation to include adaptability to the immediate use to which it is to be put. Its exchange value, in final analysis, of course will depend upon its utility value. But exchange value is not the sole test of merchantability under this subdivision. (*Ryan* v. *Progressive Grocery Stores*, 255 N. Y. 388; *McNeil & Higgins Co.* v. *Czarnikow-Rienda Co.*, 274 Fed. 397; *Foley* v. *Liggett & Myers Tobacco Co., Inc.*, 136 Misc. 468.)

In *Ryan* v. *Progressive Grocery Stores* (255 N. Y. 388) it was held that where the purchaser, without any reliance upon the salesman,

selected a loaf of Ward's bread wrapped in a sealed package as it came from the baker, the transaction carried with it the seller's implied warranty that the article was of merchantable quality under section 96, subdivision 2, of the Personal Property Law, CARDOZO, Ch. J., saying (p. 392): " The nature of the transaction must determine in each instance the rule to be applied," adding that there are times when the warranties under subdivisions 2 and 4 " co-exist, in which event a recovery may be founded upon either. ' Fitness for a particular purpose may be merely the equivalent of merchantability.' (Williston, Sales, vol. 1, § 235, and cases there cited.) "

The judgment appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.