ISRAEL GILBERT, Plaintiff, *v.* GREAT ATLANTIC AND PACIFIC TEA COMPANY, Defendant.

City Court of New York, Bronx County, February 15, 1934.

*Ferster & Frankel,* for the plaintiff.

*Charles H. O'Connor* [*Michael J. O'Neill* of counsel], for the defendant.

EVANS, J. The action is for personal injuries resulting from a sale of deleterious food, under an implied warranty that it was fit for human use. It was placed on the commercial calendar, under rule 2, subdivision i, of the rules of this court, on the theory that it was an action " for damages arising out of a contract for the sale of goods, wares and merchandise."

A literal interpretation of the rule would undoubtedly place the cause on the commercial calendar.

In Cooley on Torts, volume 1 [3d ed.], at page 156, the writer states: " Indeed, in many cases an action as for a tort or an action as for a breach of contract may be brought by the same party on the same state of facts. This, at first blush, may seem in contradiction to the definition of a tort, as a wrong unconnected with contract; but the principles which sustain such actions will enable us to solve the seeming difficulty. If one by means of a false warranty is enabled to accomplish a sale of property, the purchaser may have his remedy upon the contract of warranty, or he may bring suit for the tort. The tort consists in his having been, by fraud and falsehood, induced to make the purchase. There is a broken contract, but there is also something more; there is deception to the injury of the purchaser in procuring the contract to be made."

Our Court of Appeals has held this kind of action could be founded in contract, upon a breach of warranty, express or implied. (*Ryan* v. *Progressive Grocery Stores,* 255 N. Y. 388, 395; *Chysky* v. *Drake*

*Bros. Co.*, 235 id. 468; *MacPherson* v. *Buick Motor Car Co.*, 217 id. 382.)

In the *Ryan Case* (*supra*) Judge CARDOZO said: " The argument is made that the only damage to be recovered for the breach of the warranty of merchantable quality is the price of the bread, the difference between the value of a good loaf and a bad one. The rule is not so stubborn. Undoubtedly, the difference in value supplies the ordinary measure (Pers. Prop. Law, § 150, subds. 6 and 7; § 151). The measure is more liberal where special circumstances are present with proof of special damage (§ 150, subd. 7; § 151). Here the dealer had notice from the nature of the transaction that the bread was to be eaten. Knowledge that it was to be eaten was knowledge that the damage would be greater than the price."

If one analyzes the theory upon which this class of cases is founded, it is something more and quite different than the mere action for breach of warranty. It may be fairly said of some of these cases that the breach of warranty gives rise to a tort with all the consequential damages following such an action.

Of course, a warranty, though false, does not necessarily involve deception or fraud. The warranty may well be false and yet not fraudulent. Especially is this true in cases of this nature where the warranty relied upon is merely implied. Strictly speaking, an implied warranty cannot be the basis of fraud, and, therefore, cannot be the basis of a tort action. Whether the nature of the action be tort or breach of warranty, the damages recoverable are measured precisely in the same way as any other action for personal injuries.

But the right to a place on the commercial calendar ought not to be determined by the consideration as to whether the origin of the theory of the cause is in tort or in contract. When merchants and lawyers speak of a commercial litigation, they do not have in mind an action of this sort. When this court adopted its commercial calendar, it was not for causes such as this.

As a matter of public policy, the purely commercial causes have been segregated from those that find their way to the calendars of this court for the purpose of affording a more speedy trial to a class of litigation that would not by themselves clog the court. If this class of cases were to be allowed on the commercial calendar, that calendar would be much diminished in its value to the public.

Whether one calls this case an action upon a contract or for a tort, its real brotherhood is the vast array of personal injury causes that find their way to the courts, and the same speed for a trial should be afforded to it as to its brethren.

This class of actions is more prevalent in this court than actions for malicious prosecution, false arrest, breach of promise to marry,

libel, slander, and other torts not founded upon personal injury. If these other classes of cases are not preferred in their order of trial, there is much less reason to give a preference to such cases as the one at bar by way of allowing to it a place on the commercial calendar.

Motion to strike from the commercial calendar granted.