### MARIO ALFONSO
*vs.*
### GEORGE E. STAVNITSKY

Court of Common Pleas     Hartford County     File No. 38757

· MEMORANDUM FILED FEBRUARY 9, 1940.

*Jacob Berman,* of Hartford, for the Plaintiff.

*Davis, Lee, Walker & Wright,* of Hartford, for the Defendant.

MOLLOY, J.   There does not seem to be much question about the facts in this case.   It is largely a question of law.   On May 5th last, the plaintiff purchased a small box of chocolate-covered peanuts from a vending machine owned and operated by the defendant at the plaintiff's place of employment in East Hartford.   While the plaintiff was eating the peanuts, a small piece of wood about three-quarters of an inch long from said box, the presence of which was unknown to the plaintiff, pierced his gum and broke off a corner of an upper lateral incisor tooth, causing the damage alleged.   The complaint is based upon the claim that the defendant warranted that the peanuts were fit and proper for human consumption, and that the plaintiff relied upon such warranty.

Now, the box of peanuts was one and one-half inches wide by four or five inches long, and could be seen through the display window of the vending machine.   The box had printed on it the name "Goober's Chocolate Covered Peanuts."

It is the contention of the defendant that under the Sales Act, more specifically section 4635 of the General Statutes, Revision of 1930, as interpreted by the two leading cases in Connecticut, *Burkhardt vs. Armour & Co.*, 115 Conn. 249, and *Borucki vs. MacKenzie Brothers Co., Inc.*, 125 id. 92, there is no liability on his part because there was no implied warranty upon the sale of the peanuts.

The applicable portion of section 4635 reads as follows: "*Implied warranties of quality.* Subject to the provisions of this chapter and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows: (1) When the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose."

Therefore, before there can be an implied warranty, two conditions must exist: First, the buyer must expressly or by implication acquaint the seller with the purpose for which the goods are to be used, and, second, the buyer must have relied on the seller's skill or judgment in selecting the goods for the particular purpose. The defendant raises no question as to the first condition, and it is assumed, therefore, that the seller knew the buyer's purpose in purchasing the peanuts. The defendant, however, contends that the plaintiff did not rely upon the seller's skill or judgment in selecting the particular brand of "Goober's Chocolate Covered Peanuts." Now, there is no evidence that there were any other brands of chocolate-covered peanuts in the vending machine. There were nine varieties of confectionery on display, including the chocolate-covered peanuts. After depositing his money in the machine, the plaintiff punched or pulled a lever which released the box of peanuts from inside the machine.

It is the defendant's argument that inasmuch as the peanuts were in the vending machine and the plaintiff made his selection, then by the very nature of the act of purchasing from the vending machine, without the interposition of the salesman, the condition that it shall appear that the buyer relied upon the seller's skill or judgment, is absent, and that, therefore, no inference can be drawn of reliance by the buyer upon the seller's

skill or judgment, and therefore there is no implied warranty of fitness.

Now, this same reasoning was applied in the objection by the defendant in the *Burkhardt* case, which concerned a canned food. The objection was based on the ground "that the food product was packed in a sealed can, affording the seller no practicable opportunity for inspection or knowledge of any defect therein, and that therefore no inference. . . . of reliance" by the buyer upon the seller's skill or judgment could be drawn (p. 258).

Now, the basis of that argument, the Supreme Court said, (p. 259) is the assumption that as to canned goods "the seller has no means of knowledge, opportunities for inspection, or other sources of information which are not shared by the purchaser, and the latter from the nature of the transaction must know this and therefore cannot be said to rely on skill or knowledge of the seller founded upon superior information or opportunity for obtaining it." The Supreme Court answered this argument by numerous quotations from cases refusing to draw a distinction between food sold in bulk or by measure and that in sealed containers. In other words, public safety demanded such a rule. The Supreme Court in referring to the New York case cited by the defendant in support of his position, said (p. 261): "In *Ryan vs Progressive Grocery Stores, Inc.,* (1931) 255 N.Y. 388, 175 N.E. 105, an action for a breach of warranty of a loaf of bread, wrapped in a sealed package, which contained a pin, recovery was denied because, as the buyer asked for a particular brand of bread, it was held that the choice was determined by him instead of through reliance on the judgment of the seller. The court, however, cited the Massachusetts cases. . . . also *Lieberman vs. Sheffield Farms-Slawson-Decker Co., Inc.,* 191 N.Y. Sup. 593 (bottled milk), as holding that even as to sealed containers an implied warranty ensues if the seller's judgment has been trusted for the selection of the brand or make, and observes, 'we assume for present purposes that so the rule should be declared'."

So that there is no question but that when the purchaser makes a choice of a particular brand of article and tells the salesman that is what he wants, there is no reliance upon the skill or judgment of the seller, and therefore there is no implied warranty. But reasoning by analogy from the canned food cases, is such the law in the case of a purchase made from a

vending machine? It may be, under certain circumstances. For instance, if there are several brands of peanuts on display in the vending machine, it is possible that the buyer has made a selection when he pulled the lever of one of the brands. He gets that brand and it may be that he wanted that brand alone and no other; therefore, he did not rely upon the skill or judgment of the seller.

On the other hand, the buyer may be interested simply in buying some peanuts. He does not care who grew them or prepared them. Now, is it to be said that merely because he buys the peanuts from an inanimate object instead of from a living salesman or clerk, he is to be held to have made a specific choice, and therefore has not relied upon the skill or judgment of the seller? Or, to put it in another way, is it to be said that because the rack and carriage in a self-service chain store, or a vending machine, as in the instant case, displaces the living salesman or clerk, then it must follow inevitably that the purchaser makes a selection from which reliance on skill or judgment must necessarily be absent?

The law met a similar argument in effect in the canned food cases by bluntly saying, after quoting from Williston on Sales, that the weight of authority is that the dealer is liable for selling defective food even though in cans of a reputable brand.

In the case of canned goods the dealer is liable on an implied warranty, provided, of course, the buyer does not specify the particular brand he wants, even though the dealer has had no opportunity of inspection. In the case of the vending machine we assume that the buyer makes known to the owner of the machine that he wants a product of the machine for human consumption simply because he puts his nickel in the slot, pulls the lever and gets the product. Then the assuming stops, and because the article is secured from a machine, it is said the buyer must have, without question, made a choice. It seems to me that any such reasoning does not follow inevitably. I say that in ninety-nine cases out of a hundred, common experience shows the buyer approaching a confectionery vending machine simply wants some candy or some peanuts. He may or may not be interested in one brand, and if it does not appear that he is interested in one brand, and there is no evidence that there was other than one brand of peanuts in the vending machine, then it seems to me that the buyer does not make a specific choice. He simply wants some peanuts, and takes the

peanuts which are offered by the vending machine.

I repeat that, of course, if there were several brands of peanuts, it may be logically concluded that he made his selection. And I am aware also of the situation which develops in purchasing from a cigarette vending machine where there are several brands of cigarettes displayed, and it is common knowledge that most individuals have a liking for a certain brand.

In the instant case, while it appears that the plaintiff made a choice of what the vending machine had to offer, in that he chose peanuts rather than candy, nevertheless, it does not appear that there were any other peanuts on display, and that he was particularly interested in what brand of peanuts he got. He simply wanted some peanuts. I, therefore, conclude that under the circumstances the purchase from the vending machine does not lead inevitably to the conclusion that there was no reliance on the skill or judgment of the owner of the machine, but rather that under the circumstances of this case, the purchaser did rely upon the skill or judgment of the owner of the machine as regards the peanuts which he was offering for sale. To relieve the defendant from liability on its warranty because modern business methods alter the manner of its display and offer of goods, would result in a miscarriage of justice.

The plaintiff incurred a dental expense of $15.00. The issues are found, and judgment is directed, for the plaintiff to recover of the defendant $75.00, damages.