J. Ernest Wharton, J.
This is an appeal by the plaintiff from a judgment entered upon the defendant’s counterclaim, based upon a breach of implied warranty. The action was brought for a portion of the purchase price of a quantity of metal roofing. There is no question as between the buyer and seller concerning the purpose for which the roofing was to be used. Under section 96 of the Personal Property Law it appears that an implied warranty would exist that the goods be reasonably fit for the purpose intended and that they should be of merchantable quality. The purchaser had a right to expect at least a medium quality of goodness in his purchase.
It appears that the roofing in question was laid in 1933 and during the fourth year of its use or in 1937 the owner noted evidence of rusting. This situation was called to the attention of the defendant dealer, who in due course notified the plaintiff. The record indicates that the plaintiff’s representative thereupon conducted a personal inspection of the roofing in question and stated that “ he had never seen a roof rust like that before and Avonld report back to the Company”. Correspondence between the plaintiff and defendant, Exhibits A and B in evidence, substantiates such statement on the part of the plaintiff’s representative.
*497 It is a matter of common knowledge and generally accepted that any roofing material properly applied may be expected to last a substantial portion of an ordinary lifetime A home owner ordinarily is not required to apply a new roof to his buildings in the course of a few years. Metal roofing unless properly manufactured is subject to rust and deterioration upon exposure to the elements and an ordinary examination of new material could not possibly disclose the absence of rust resisting qualities. As far as this record discloses the passing of time is the only test by which rust resisting qualities can be ascertained.
It is my opinion that the purchaser, being without notice that the roofing was of inferior quality and required painting to keep it from rusting, had a right to rely upon an implied warranty of quality. Clearly, metal roofing known to be subject to rust within four years could not be considered as of merchantable quality. It appears that the merchandise in question was not reasonably fit for the purpose for which it was intended. (Matter of Casualty Co. [Bliss Co.], 250 N. Y. 410; Ryan v. Progressive Grocery Stores, 255 N. Y. 388; Cooper v. Newman, 11 N. Y. S. 2d 319.)
The judgment for defendant upon his counterclaim is affirmed, with $15 costs.