CLAIRE SINGER, Plaintiff, *v.* MAX OKEN, Defendant.

City Court of the City of New York, Kings County, January 14, 1949.

*Philip Olan* for plaintiff.

*Abraham Sarason* for ·defendant.

CHARLES E. RUSSELL, Off. Ref. Plaintiff sues a pharmacist claiming that he sold and delivered at his shop a preparation consisting of calamine lotion with the addition of 1% phenol for external use on or about her face on which at the time she was suffering from insect bites. It is her contention that as a result of the use of this preparation her face became infected and that she suffered physical disability for some time as a result thereof. The defendant testified that he had been a druggist for twenty-four years during which time he had repeatedly dispensed the lotion complained of consisting of like ingredients, and that he had never found injury or complaint resulting therefrom.

I adopt the opinion of defendant's witness, Max Schultz, M. D., who has been in active medical practice since 1910 and who testified that such lotion with addition of 1% phenol was not irritant and that it was in general use in the medical profession, and fre-

quently prescribed in such proportion, and indeed that he had also frequently prescribed 2% phenol in such combination and that he had even used 5% for external application without harmful results.

Plaintiff's physician, Dr. Greenman, testified that he found the plaintiff to have burns about her face, when he examined her the day after the purchase in question, although she testified she visited this doctor on the same day, and shortly following the occurrence. This doctor states that he did not approve of the application of calamine with any percentage of phenol to a person's face and that plaintiff was apparently allergic to such a mixture although he admitted that at the time of treatment he had neither given nor made any test which might indicate the presence or absence of an allergic tendency in such respect.

I hold it to be the established law of this State that in an action against a druggist for negligence wherein he has sold a used and known combination of drugs without reason to apprehend that it may prove dangerous or harmful to one person among a multitude of users, but on the contrary from long experience in selling it he has reason for the belief that it might be used without deleterious results, he is not guilty of negligence although it did in fact injure one who bought and used it (*Willson* v. *Faxon, Williams & Faxon,* 138 App. Div. 359). Such decision has been cited with approval in *Kinkead* v. *Lysol, Inc.* (250 App. Div. 832), and in *Cleary* v. *Maris Co.* (173 Misc. 954), in which the opinion by Mr. Justice STEINBRINK at page 956 stated: " It is a matter of common knowledge that many persons are allergic to conditions which do not affect the normal individual. Cases so holding are legion with reference to wearing apparel, cathartics, face powders and sedatives. In this State it has been held that ' A preparation is not deleterious to human health in the ordinary acceptation of that term simply because one person in a multitude of those using it happens to meet with ill effects from taking it.' " (*Willson* v. *Faxon, Williams & Faxon, supra.*)

Even though I had the power to do so, I do not find that the section of the Education Law plaintiff's counsel refers to has application to this matter.

Decision for defendant. Judgment accordingly.

Call for exhibits.