Steuer, J. P.
(dissenting). I dissent. The issue of law on this appeal involves the requirement that the plaintiff must be in privity with the defendants. My brother Hofstadter has concluded that such a requirement as a condition to recovery is a pure legalism, is contrary to social custom and will be done away with by the court of last resort when the question is fairly presented to it. I agree that if that is the situation it would be our duty to anticipate that action. But if the premises are not correct, as I believe, an opposite conclusion is mandatory. It so happens that there are two plaintiffs here — the infant that was injured and her father who sues for medical expenses and loss of services. As to him, I agree with the result reached, though the conclusion is arrived at on different grounds.
As indicated the infant plaintiff was injured because of the presence of a foreign body in a can of salmon purchased from the defendants. The latter were merely retailers and had nothing to do with the contents of the can. Nevertheless, had the infant, instead of her father been the purchaser, there is no doubt but that she would have been able to recover (Ryan v. Progressive Grocery Stores, 255 N. Y. 388). When it is considered that food is purchased generally for the consumption not only for the buyer but also by his family, a law that limits recovery to the *890 purchaser and excludes the others who might be expected to participate in the consumption of the food does seem out of focus in the social picture, and both the legal and factual aspects should be examined.
It is elementary that our scheme of recovery for personal injuries is based on fault, either deliberate as in the case of assault, or inadvertent, as in the case of negligence. This type of action is exceptional in that negligence or fault is not a factor and need not be alleged or proved (Rinaldi v. Mohican Co., 225 N. Y. 70). The procedural regulations, such as limitations, appropriate to actions for personal injury through negligence, do not apply to it (Blessington v. McCrory Stores Corp., 305 N. Y. 140). How then does it exist? Solely by virtue of the relation engendered by the sale of the food, which relationship is governed in this State by statute (Personal Property Law). The right to recover and the extent of the recovery is governed by that statute and by it alone (Ryan v. Progressive Grocery Stores, supra). There can be no doubt that the statute limits recovery to the person to whom the sale was made. (Gimenez v. Great Atlantic & Pacific Tea Co., 264 N. Y. 390.) So that even if there is a trend toward extending the right of recovery its needs must be brought up sharply when it seeks to cross the line on which the statute places a barrier.
This is merely the legal view. If the socialistic viewpoint, which the legal view is supposed to reflect is given consideration no other result is reached. The retailer of food stuffs, when selling name-brand goods in sealed containers makes no representation as to the contents. When the customer asks for a can of salmon he expects that the storekeeper will warrant that it is a can of salmon packed by the concern whose name appears on the label. The customer knows that the retailer has not opened the can to inspect the contents and would not accept the can if it had been opened. Nor does he expect that the grocer or delicatessen man has some sixth sense to enable him to ascertain the condition of the contents without visual access. What he does expect is that the dealer will have the goods and deliver him a can on payment. That is the economic function which is the reason for which the retailer exists. Is it not more strange that an unexceptionable preformance of that function should result in the dealer having to pay damages to anyone than that the persons to whom he should be so responsible are strictly limited? In the eyes of the community it may be odd that the purchaser can recover while others cannot, but it is odder still that one without fault has to pay at all.
*891 It is therefore felt that on no grounds can the infant plaintiff recover. The only way would be to abolish all rules and impose liability when ever it is conceived that it would be a nice thing if the plaintiff could be compensated. Our courts have gone as far in this direction as they can go and perhaps further than the best interests of the community indicate that they should go. Our highest court has given frequent expression to this idea. For example u Sympathetic impulse must yield to law. Affirmance of this judgment would, in our opinion, result in such an extension of liability as would exceed all reasonable bounds.” (Van Leet v. Kilmer, 252 N. Y. 454, 457.)
As regards the father’s action, the prevailing opinion regards it as auxiliary to the infant’s action and as she can recover, he can. This is the universal test in negligence actions with the consequent conclusion that if the infant plaintiff may not recover an auxiliary action must likewise fail. But as seen this is not an action founded in negligence. Applying the principles laid down in the Ryan ease (supra), it is just as much to be expected food bought by a householder, for his family will be eaten by them as that he will eat it himself. And if by virtue of the foods not being fit for consumption he is put to expense through its effect on one of them, his expense is just as real and as closely connected to the warranty as any damage as may result to himself. Therefore there is no impediment to his recovery and the failure of the infant’s action is a matter of no moment in this regard.
The judgment in favor of plaintiff Louis Greenberg should be affirmed and the judgment in favor of Sheila Greenberg should be reversed and the complaint dismissed, all without costs.
Aurelio, J., concurs with Hoestadter, J.; Steubr, J. P., dissents in opinion.
Judgment affirmed, etc.