166 So.2d 673 (1964)
Nellie R. WAGNER, Appellant,
v.
MARS, INC., a corporation, and Grand Union Company, a corporation, Appellees.
No. 4482.
District Court of Appeal of Florida. Second District.
August 5, 1964.
Joseph M. Murasko and Orville Johnson, III, Fern Park, for appellant.
Gurney, Gurney & Handley, Orlando, for appellees.
WILLSON, J.H., Associate Judge.
This is a products liability action in which the appellant seeks to recover damages for the breach of an implied warranty that a candy bar, manufactured by the appellee Mars, Inc., and sold at retail by the appellee, Grand Union Company, was fit for human consumption.
Appellant's third amended complaint alleged that the candy bar, when purchased, was in a "completely sealed paper wrapper;" that it "contained several nails or pins, similar in nature to the common straight pin, which was (sic) an integral *674 part of the said candy bar and was (sic) concealed therein in such a manner that the mentioned foreign object (sic) would not be detected by visual observation," and that when appellant bit into the candy bar, her tongue was pierced by one of the nails or pins, thereby causing her pain and suffering, and necessitating medical treatment.
The lower Court dismissed the amended complaint, with prejudice, on the ground that the theory of implied warranty of fitness for use cannot be extended to food stuffs solely encased in a paper wrapper. The only question presented for our consideration is the correctness of this ruling.
Products liability law has undergone a rapid development in the past fifty years. This has been brought about in some states by statutory enactments, while in others the Courts have reached the same conclusion through logical extensions of common law principles. The Courts of this state, in keeping with our common law tradition, have pioneered this development, rather than leaving it for legislative action.
The process of developing the products liability law has been plagued by confusion in all jurisdictions, and, as the present case witnesses, there is still a measure of confusion in our state. The basic principles, however, are now well-settled.
The Courts of this state are committed to the doctrine that, as to items of food in the original package, there is an implied warranty of fitness for the uses and purposes for which they are offered for sale and sold, and that one who is injured as a result of injurious substances therein, which are unknown to him, may hold either the manufacturer or the retailer liable in damages for the breach of the implied warranty; Blanton v. The Cudahy Packing Co., 154 Fla. 872, 19 So.2d 313; Sencer v. Carl's Market, Fla., 45 So.2d 671; Florida Coca Cola Bottling Co. v. Jordan, Fla., 62 So.2d 910; Food Fair Stores of Florida v. Macurda, Fla., 93 So.2d 860. See also Cliett v. Lauderdale Biltmore Corporation, Fla., 39 So.2d 476, which deals with the liability of a restaurant owner for food poisoning, and Smith v. Burdine's, Inc., 144 Fla. 500, 198 So. 223, 131 A.L.R. 115, which deals with products for human use rather than human consumption.
Smith v. Burdine's, Inc., supra, involving a lipstick, was the first products liability case to reach our Supreme Court. The Court enunciated the doctrine that where a buyer makes known to the seller the purpose for which he buys an article and relies upon the seller's skill and judgment, an implied warranty of fitness for which the article is purchased, arises as a matter of law. This was the rule at common law. 1 Williston on Sales, Rev.Ed. 586, citing Jones v. Just, L.R. 3 Q.B. 197, Vaccarino v. Cozzubo, 181 Md. 614, 31 A.2d 316. The Court, it should be noted, quoted with approval 1 Williston on Sales (2d ed.) 457, to the effect that the warranty of fitness may be merely the equivalent to the warrant of merchantability.
In Blanton v. The Cudahy Packing Co., supra, the article being canned meat, and the action against the manufacturer thereof, the Court found the rationale of the rule to be "right, justice and welfare of the general purchasing and consuming public," or as the Supreme Court of Texas said in Griggs Canning Company v. Josey, 139 Tex. 623, 164 S.W.2d 835, 142 A.L.R. 1424, "public policy."
It is true that none of the reported cases in this state deal with food products in sealed paper packages, and counsel have cited no cases of this nature from jurisdictions that have evolved their products liability law from common law principles. We can find no good reason, and counsel for the appellees has given none, for making a distinction between meat in cans, coca cola in bottles, and candy in sealed paper wrapper. The rationale of the implied warranty rule applies with equal force in all these situations.
*675 Our conclusion finds support in decisions of Courts in states where products liability law is a creature of statute. The Uniform Sales Act, in force in the states to which we refer, provides:
"Sec. 15. Implied warranties of quality.  Subject to the provisions of this chapter and of any statute in that behalf, there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:
"I. Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be reasonably fit for such purpose.
"II. Where the goods are bought by description from a seller who deals in goods of that description, whether he be the grower or manufacturer or not, there is an implied warranty that the goods shall be of merchantable quality."
As will be seen, Section I is no more than a statement of the common law rule in force in this state.
It was recognized in Smith v. Burdine's, Inc., supra, as we have previously observed, that the warranty of fitness may be equivalent to the warranty of merchantability. In Ryan v. Progressive Grocery Stores, 255 N.Y. 388, 175 N.E. 105, 74 A.L.R. 339, the Court held that there was an implied warranty of merchantability in the case of bread wrapped in paper and containing pins, and in Sams v. Ezyway Foodliner Co., 157 Me. 10, 170 A.2d 160, the Court held that an implied warranty of merchantability existed in the case of frankfurts in sealed plastic packages. Both these cases posit the existence of a dual warranty of fitness and merchantability, where foodstuffs are involved, the opinion in the latter case stating that "reasonably fit" under Clause I, and "merchantable quality" under Clause II of the Uniform Sales Act, are equivalent with respect to food for human consumption. These cases, being decided on the basis of principles identical with those in our state, are at the very least strongly persuasive.
We point out that under the Uniform Sales Act, the purchase of food is sufficient to make known to the seller the use for which it is intended by the buyer. Rinaldi v. Mohican Co., 225 N.Y. 70, 121 N.E. 471; Farrell v. Manhattan Market Co., 198 Mass. 271, 84 N.E. 481, 15 L.R.A., N.S., 884, 77 C.J.S. Sales § 325, p. 1180. There is no reason why this should not apply to implied warranties under our doctrine of products liability.
The complaint stated a cause of action. The judgment of the lower Court is reversed.
SMITH, C.J., and WHITE, J., concur.